CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

OCT 27 2025

LAURA A. AUSTIN, CLERK
BY _____
DEPUTY CLERK

Federal Rule Civil Procedure: Rule #7

Case Name: Me'Shaun Crocker v Mayor Hall et al

Case #: 7:24-cv-00910-TTC-JCH

'Motion For Leave To Amend' ~~Whatever the Current Status~~

'Complaint'

    I pro se complainant Me'Shaun Crocker motion this court for leave to amend my complaint, This is to clarify defendants roles, So as to not commit perjury. This is to add defendants who I sustained injuries from. This is to add defendants who's I decisively tried to identify but their identities were constructively with-held. This is also to add claims. This is also to adjust relief sought.

Federal Rule Civil Procedure ; Rule #815

I wish to add the following defendants in their individual capacities.

- Paula Sykes - Prea Compliance Manager / Operations Manager / ADA
- T. Deel - Prea Investigator
- K. Robinson - Corrections Officer / Was Delta Officer
- B. Whit - Night Shift Sergeant / Bravo Building
- A. Stutzman - Day Shift Sergeant / Bravo Building
- C. Rogers - Day Shift Sergeant / Bravo Building
- M. Barton - Day Shift Lieutenant / Bravo Building
- L. Collins - Unit Manager / Bravo Building
- G. Still - Institutional Ombudsman Unit
- M. Whitman - Institutional Ombudsman Unit

I wish to keep the following defendants but in individual capacity
- Johnny Hall - Chief of Security / Major
- James Jones - Lieutenant
- J. Fleming - Lieutenant
- R. Potter - Corrections Officer
- B. Mays - Corrections Officer
- K. Robinson - Corrections Officer

Last Known Address
115800 Jack Rose Highway, Pound Va, 24279

Federal Rule Civil Procedure: Rule #15
Case Name: Me'Shaun Crocker v. Mayor Hall et al:
Case #: 7:24-cv-00910-TTC-JCH
    I do not seek relief from the state, its agencies, or subdivisions. back
Only from each individuals personal assets.
    Relief Sought:
    Compensatory Damages: $75,000/Each
    Punitive Damages: $75,000/Each
    Nominal Damages: $25,000/Each
    Injunctive Relief: Permanent restraining order against all defendants and
    south-western region. Require an immediate transfer.

USCS Fed Rule Civil Procedure: Rule 15
Supplemental
Claim: Contract Violation
All defendants are party's who failed to perform his/her
promises under contract with the Virginia Department of
Corrections. They have violated the P.R.I.D.E. performance
standards. They have failed to prevent, detect, and punish
violators who sexually and physically abuse inmates, or who
have used their capacity under color of law to violate state
law and constitutional rights as well as federal law and
constitutional guarantees. There have been no justifiable excuses
for these contract breaches. Whether these breaches can operate as
a discharge, I choose to ~~reserve the right to reserved~~ reserve
the right to bring an action for damages. I call into question
all defendants state of mind/individual capacity.
Case Name: Me'Shaun Crocker v Major Hall et al
Case#: 7:24-cv-00910-TTC-JCH
Case Law: Mitchell v Rapphannock Reg'l Jail Authority

USCS Fed Rule Civil Procedure: Rule 15
Supplemental Claim: Johnny Hall
Individual Capacity

Since arriving at Red Onion State Prison 7/17/24 I have been the recipient of deliberate indifference towards my conditions of confinement and treatment of my person by corrections officers, sergeants, and lieutenants who are all subordinates of Johnny Hall who is the Major. This means he is the Chief of Security, a policy level position. I was forced to live in population from 7/17/24 - 7/19/24 with no mattress, sleeping on on the steel. I requested a mattress from 7/17/24 - 7/19/24 by various floor officers and did not receive one until I requested to go to the Restorative Housing Unit due to this treatment. The mattress incident can be evidenced by (Exhibit C: Written Complaint # ROSP-24-WRI-04354 dated 7/21/24). I was then bribed by M. Barton a Lieutenant who told me he would give me a mattress if I went back to population. This bribery took place 7/19/24 in B4 at cell B409.

Page #1

This bribery was and is a ethical violation, deliberate indifference to my not having a mattress like every other inmate in general population. It was grossly negligent by M. Barton to know. I had no mattress and requested my placement in RHU because of this treatment and then bribe me as if to say "I know you have no mattress and still wont get one unless you return to population." This caused me physical back pain to sleep on this steel slab for 2 days. It caused mental anguish to know my most basic need of adequate shelter was being compromised by a "Lieutenant". (Courts have found that lifes necessities include things like shelter, Holmez v Godinez). After this incident I witnessed an officer now known as R. Potter sexually assault a nurse in B4 somewhere between 7/19/24 + 7/30/24. (Exhibit A of Claim against R. Potter Written Complaint # RosP-25-WRI-01286, Exhibit B-Written Complaint, Exhibit C Department of Corrections correspondance). This behavior by officer R. Potter violated (operating procedure 038.3 'Prison Rape Elimination Act, page 6 asterick B, C, D, D1. This is Exhibit E of Claim against all defendants contract violation.

He rubbed his penis against her buttocks unprovoked in front of inmates on camera. This act caused me to feel unsafe for Nurse Mullins as well as my self. I felt as if anything could happen to me and nothing would be done if R. Potter felt brave enough to commit this violation against another staff member and not care about breaking the law.

In turn I was sexually harassed by R. Potter (8-6-24 in Bravo 401 at or around 4:30pm-4:40pm). I filed complaints on this issue but they were stolen, by officer Heckford. R. Potter's sexual harassment shows his confidence in custom of culture where he is sure and positive there will be no consequences for his actions. I was traumatized to see R. Potter staring at me while I tried to have a bowel movement. This is another violation of (Exhibit E: Claims: Contract Violations by All Defendants, page 5, "Definition Voyeurism – An invasion of privacy of an inmate or CCAP probationer/by a staff member ... such as peering at an inmate who is using a toilet in their cell to perform bodily functions.

This caused lasting mental and emotional pain and trauma, when you dont feel comfortable enough to have bowel movements your/mine mental and emotional pain turns to physical injury due to not being able to have bowel movements for fear of being peeped at and laughed at. I have had to request stool softner because I dont feel comfortable using the toilet after this. Because of my complaint against R. Potter I then became a target for his friend and coworker B. Mays another corrections officer who raped and physically assaulted me 8/23/24 in bravo 4 cell 407 between 8am and 10am. Where I suffered neck pain and abbrasions around my ankles due to this abuse (See Claim against Mays Exhibit A). The next physical assault took place 9-17-24 A4 cell 18 by J. Fleming (See Claim against J. Fleming) a Lieutenant who physically attacked me because my genitals became exposed while I was handcuffed. This attack was unprovoked and excessive in force. I suffered chest pain, and hip pain as well as threats by officers days later.

Exhibit A

Exhibit E in my claim against Johnny Hall (written complaint
#Rosp-24-WRL-05441 generated 9/18/24 2:24 pm)was filed
after the Mays and Fleming incidents because I was
threatend for not wanting to grope myself in the presence
of officers, then physically assaulted both times. I asked
for the policy or procedure that describes what officers
~~force~~ inmates to do during the strip search procedure.
I explained I felt sexually abused due to my under-
standing of operating procedure 038.3 Area page 4
Rape and Sexual Abuse Definitions, this was na request
form to which he responded "I'm glad to know their doing
their job." this request form was sent to A. David
Robinson via certified letter (Tracking #9589-0710-5270-
2175-6776-64 Nov. 14. 2024 Exhibit M in my claim
against Johnny Hall)

In Mitchell v Rappahannock Reg'l Jail Authory page 3 Section 1983 Actions, Elements. the supervisory liability has 3 elements ① That the supervisor had actual or constructive ~~actual~~ knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff). The actual knowledge was the request form sent to A. David Robinson, the constructive knowledge was the written complaints filed. ② That the supervisors response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices.). After expressing I felt sexually abused in my request form to Johnny Hall because of what officers forced inmates to do during the strip search procedure, his response of "Im glad to know they're doing their job" was and is a tacit authorization of alleged offensive practices. This response was inadequate and showed deliberate indifference. A regular grievance was filed 10·7·24 about the strip search procedure (written complaint #ROSP-24-WRI-05441) was also constructive notice.

Page 6

Johnny Halls response was we are not allowed a copy of the policy or procedure. I wanted to know what was allowed and what was crossing the line. 8 months later (Exhibit C of my claim against defendants violating their contract was released). The delay was a tacit authorization of the alleged offensive practices.

The third element states (3) that there was an affirmative casual link between the supervisors inaction and the particular constitutional injury suffered by the plaintiff). The inaction or delay of any action left me vulnerable to be raped and physically assaulted again 12/9/24 in D6 by K. Robinson (officer) and James Jones (Lieutenant) and again 8/13/25 in bravo 405 by Sgt Harvin, Lt. Jones.J, L. Collins - Unit Manager, Officer Heckford were I was raped and physically assaulted both times during the strip search procedure. In the 12/9/24 assault and rape Johnny Hall was the nexus that caused this injury personally.

Page #7

Under Virginia Law gross negligence is a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person. This requires a degree of negligence that would shock fair minded persons, although demonstrating something less than willful recklessness.

As gross negligence is negligence which shocks fair-minded people, but is less than willful recklessness, a plausible claim for supervisor liability would also plausibly plead gross negligence.

This is my claim for my amendment 8 constitutional privilege. ~~anal the right the protegon roduding toodoo~~

USCS Fed Rule Civil Procedure: Rule #15 Supplemental
Paula Sykes: Individual Capacity
Prea Compliance Manager / Operations Manager / ADA
Claim: Paula Sykes was made aware of inappropriate
sexual misconduct by staff as early as 8/7/24 through her
department (Prea Compliance) which deals with detection,
prevention, and punishment of prison rape. 3/17/24 @ 3:15
pm "Suck My Dick" was said to me over the intercom of my
assigned cell, B401. This was reported by me immediately
(written complaint # Rosp-24-WRI-04665, 3/19/24 T. Deel
(prea investigator) responded. The investigation was inconclu-
sive of what actually happened. This was the second investi-
gation where I reported staff misconduct and the investiga-
tion turned no conclusive answers. The first involving
R. Potter (corrections officer) 8/6/24 around 4:30pm - 4:40pm.
They refused (prea investigators T. Deel and the prea
department, to acknowledge he broke policy on camera.
There was another event. Between 7/19/24 + 7/30/24

R. Potter sexually assaulted Nurse Mullins in front of inmates including my self. He rubbed his penis against her buttacks un provoked, hands in the air, laughing. This can be seen on Pod camera. This violates the prea operating procedure 038.3 page 4 'Definitions' of "Rape" and "Sexual Assault", "Sexual Harassment", and "Sexual Harassment". This also violates page 6 clause B, C, D, and D1. Because of this complaint I was threatend by her (Prea Investigator) T. Deel for filing this complaint about Nurse Mullins' sexual assault. I was later raped during the strip search by T. Deel. This was a stipulation made by him if I wanted to report sexual abuse in private. This was reported by me. I was asked about this complaint by T. Deel 1/23/25 @ 12:58 pm in Delta 3 cell 15. This violates operating procedure 038.3 page 12, Section 3, clause A1. This also violates the same section clauses A1a and A1b. I made this complaint in "good-faith". I was even misled twice. Back at the beginning of my complaint process I inquired

about the status of an investigation and I asked for all
paperwork pertaining to this investigation. I was told to
contact the courthouse if I wanted any answers. There was
no criminal case, civil suit at this point, or outside investigations
yet this was to deter my participation. I was also told by
T. Deel the only way to obtain the name of an officer who
sexually abused me and participated in my physicall assault,
was to file another complaint. He was already investigating this
issue and was supposed to provide this officers name anyway.
This was constructive hinderance by T. Deel to thwart my
exhaustion at administrative remedies. I also sent complaints
about the strip search policy, how I felt what we were
forced to do was prohibited conduct, and I asked
for some type of material to understand what prohibited
conduct is by officers during the strip search procedure. I
never received anything and was told im not allowed anything
about the strip search procedure is restricted. Paula Sykes
was constructively notified by my many complaints about
what officers forced inmates to do during the strip search.

The reason her response is unreasonable is because her department which governs sexual abuse provided the inmate population with no documentation to know if or when we are being sexually abused by corrections staff during the strip search procedure, after she was made aware of abuses reported. This showed the inmate population her deliberate indifference towards our safety. This also was a silent greenlight for these actions to continue. Because of this inaction I was raped and physically abused as well as sexually abused again. Her objective unreasonableness is why she is not entitled to qualified immunity or good-faith.

Amended Claim / Individual Capacity's

~~Defendant's~~ Officer Robinson / Lt. Jones : On 12/9/2024 Officer Robinson and Lt. Jones approached my assigned cell D628 between 9:00 am + 11:00am after being called by Major Hall. Inmate Crocker was told to disrobe to perform a strip search. Inmate Crocker complied and gave all garments through the tray-slot. Inmate Crocker was then ordered to stand in middle of cell nude, turn away from door, squat, cough, turn around, and then grope penis. Inmate Crocker denied request to groping penis, sitting this was a PREA Violation (Operating Procedure 038.3). Officer Robinson again demanded Inmate Crocker touch their penis, again Inmate Crocker sited this was a PREA Violation. Inmate Crocker asked Officer Robinson for undergarments because Inmate Crocker was nude. Officer Robinson responded "Go and get your shoes" I then asked for my boxers back so as to not walk around cell nude, another PREA Violation (OP. 038.3 Attachment 1E). Officer Robinson denied my request for clothes. I then asked Lt. Jones to speak with me, he smiled, tapped caustic substance nozzle against door in threatening manner, and shook his head no. Inmate Crocker then placed both hands on head for officer and other staff to see there was no physical threat from Inmate Crocker.

Claim Continued: Officer Robinson/ Lt. Jones

Inmate Crocker: asked for clothes again and Officer Robinson threatened Inmate Crocker with. "Oh, your gonna lift your penis." ~~crossed out text~~
~~crossed out text~~
~~crossed out~~ Lt. Jones yelled "open cell 28." and then maliciously wounded me with a caustic substance.

Officer Robinson threatend me and forced me to touch my penis multiple times on camera. I was then burned and blinded with a substance which caused a choking effect. I was left burning, blinded, and choking in my cell until I fondled my penis. This was the result of Lt. Jones spraying me. I was attacked due to a grudge by Major Hall and because I refused a sexual encounter with staff members.

I did not want to fondle my penis in front of a staff member because this would violate Operating Procedure 861.1 'Inmate Discipline Handbook Offense Code 137A' Lewd or Obscene act directed towards or in the presence of another, and then this would also ~~violate~~ mean I would be charged with this infraction.

Claim Continued: Officer Robinson/Lt. Jones
This also means Officer Robinson and Lt. Jones
would be violating Operating Procedure 038.3
"Prison Rape Elimination Act (PREA) page 6
Clause 1D, 1D4, as well as 1D1A. They both
would be violating page 4 of "Definitions" "Rape",
bulletins 5 and 6 of Sexual Abuse of an Inmate
by employee, Sexual Assault, and Voyeurism
by a staff member...

Exhausted All Administrative Remedies.

Officer Robinson- Delta Building Officer
Lt. Jones- Watch Commander.
Major Hall- Chief of Security

Officer Robinson strip searched my improperly using threats
of violence to fondle myself ultimately committing rape.
Major Hall was not the conductor of strip search.

I call into question both defendants state of mind.

Major Hall did not strip search me.

Section 1983 Actions, Elements

James Jones

There are 3 elements necessary to establish supervisor liability under 42 USC 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like plaintiff.) ☒ James Jones' actual knowledge was his presence during actual sexual abuse.

(2. That the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices). When I asked ☒ James Jones for help at my door, he laughed and then tapped the caustic canister nozzle against my door, which was a silently, implied threat. Either submit or suffer the consequences. This showed deliberate indifference to my safety and privileges guaranteed to be free of cruel and unusual punishment

Page# 1

His response was more than tacit because he was willing
to participate himself in the acts that caused injury which
he perpetrated himself by maliciously wounding me when
I posed no physical threat to him, his subordinate K.
Robinson, or myself. He cannot claim good faith because
I disrobed. He can be seen laughing which shows his
subjective mind state. He should have known what he and
his subordinate were doing would cause a constitutional
injury as well as physical injury. They went outside
procedure and this is why neither James Jones or K.
Robinson are eligible for qualified immunity.

Case Law used: Mitchell v Rappahannock Reg'l Jail
Authority.

New Claim: ~~Investigator Deel~~ T. Deel - Prea Investigator

Supplemental Pleading: Individual Capacity

Investigator T. Deel approached my assign cell B420 about various PREA Complaints, with another unknown investigator with him. ~~Investigator~~ Deel explained that he would be removing me from B420 to go into the office to discuss my complaints in private. He then told me I would need to be strip searched before my removal from B420. I disrobed completely nude. I was ordered to step back away from the door, turn around, bend over, spread my buttocks and cough, turn back around facing door, grab my testicles and lift, grab my penis and lift... I complied with all requests because Investigator Deel implied in a threatening manner the only way to report my sexual abuse complaints in private was to conduct a strip search to his approval where I was required to fondle my private parts while he watched. I felt uncomfortable and violated the entire process but felt forced to comply because this is what Investigator Deel required if I wanted to report anything to him in private.

Claim Continued: ~~Investigator~~ T. Deel

Because ~~Investigator~~ T. Deel told me to touch my body in a sexual manner that violates Operating Procedure 038.3 sections I.D, I.D.I, and I.D.I.A of page 6), Operating Procedure 038.3 page 4 Definitions: Rape, Bulletins 5 and 6 of "Sexual Abuse of an Inmate by a employee, Sexual Assault, and Voyeurism by a staff member. I was raped by Investigator T. Deel

I turned in complaint against Investigator T. Deel for Rape, Sexual Abuse, and Staff Misconduct

1/23/25 12:58 pm D315 (RHU): ~~Investigator~~ T. Deel approached D315 my assigned cell and asked "Whats up with this complaint against me?" I did not respond because I was afraid, intimidated, and worried the situation could escalate into physical violence against me.

I then received a infraction violation in response to my sexual abuse complaint. This infraction was a 205A "Intentionally delaying/hindering/interfering with an employee in the performance of their job duties" 2/13/25 at 5:30am.

Claim Continued! ~~Investigator~~ T. Deel

I then had another office visit in B123 Sally Port with ~~Investigator~~ T. Deel and an unknown investigator to confer over my complaints. During this interview I asked Investigator T. Deel If he found the video evidence in regards to a sexual assault I witnessed when Officer Potter sexually assaulted Nurse Mullins unprovoked by grinding his penis across her buttocks, hands in the air, laughing. ~~Investigator~~ Deel responded "You will never get any information to that fucking complaint so stop asking about it." I was threatend by ~~Investigator~~ Deel to not inquire about this sexual assault or I would receive another charge. This took place between 7-19-24 and 7/30/25
↳ Sexual Assault B4

Per Operating Procedure 038. 3 page 12 section III. "Detection and Reporting" Clause A1B A I feel I have witnessed or was involved in a sexual assault I am to report it. Especially if I have knowledge of one. This was and is constructive hinderance by ~~Investigator~~ T. Deel to thwart my exhaustion of administrative remedies.

Exhausted All Remedies.

I call into question defendants state of mind.

~~Investigator~~ T. Deel acted in his own individual capacity outside color of state law.

T. Deel is not eligible for qualified immunity or good faith because he should have known that not thoroughly investigating claims would violate clearly established law (8th amendment and prison rape elimination act). And therefore leave me subjected to more abuses. This means his actual and constructive knowledge is enough to be made aware and his basically inability to investigate constitutes as not taking preventative measures. This makes T. Deel culpable on all counts of depriving me of constitutional guarantees, immunities, and privileges.

USCS Fed Rule Civil Procedure: Rule #15
New Claim: Officer Potter ; ~~Steve Robinson~~

Individual Capacity
The Individual Capacity of Officer Potter is being called into question.
Between 7/19/24 and 7/30/24 in Bravo 4 (RHU) during pill pass, while I
was housed in B409 I witnessed Officer Potter sexually assault
Nurse Mullins between cells 5 & 9. While they were coming down to the
back of the pod, Nurse Mullins was pushing her cart when Officer
Potter unprovoked from my point of view began to rub his penis against
Nurse Mullins buttocks, hands in the air, laughing, and dancing. I was
shocked and afraid for her safety. This incident can be seen on pod
camera in B4. By definition of Content Owner Rose Durbin of The
Prison Rape Elimination Act (Prea) Operating Procedure 038.3 this was
Non-consensual, sexual touching, forced upon Nurse Mullins. This is sexual
misconduct by an employee towards an employee as described in the "Definition"
Section of the PREA Operating Procedure page 5. The act perpetrated by
Officer Potter undermines the P.R.I.D.E code of ethics adopted by the VDOC
page 6 of Operating Procedure 135.3 ; Standards of Ethics and Conflict of
interest, in the Procedure Section General Conduct, clause C. "Employees of
the DOC must conduct themselves by the highest standards of ethics so that
their actions will not be construed as a conflict of interest or conduct
unbecoming an employee of the Commonwealth of Virginia, under 'General
conduct' Section VIII: Consensual Romantic or Sexual Relationships,
Sexual Harassment in the Workplace clause A) The DOC strictly prohibits
acts of sexual harassment, retaliation, or inappropriate behavior by any
employee. Appropriate action will be taken against persons, who engage
in these types of misconduct. See Operating Procedure 145.3 : Equal Employement
Opportunity, Anti-Harassment, and Workplace Civility; Clause D; "During
work hours and/or on state property, employees are expected to conduct
themselves in an appropriate, professional manner that is not disruptive to
others or to overall productivity. Failure to comply with the expectations of
professionalism may result in disciplinary action commensurate with
the offense, Operating Procedure 038.3 page 6 Section D1A; " All staff,
contractors, volunteers, and interns must provide a positive role model for
inmates and probationers/parolees, promote a safe, secure, healing
environment, and observe the rules of conduct when interacting with inmates
and probationers/parolees; see Operating Procedure 135.2, Rules of Conduct
Governing Employees relationships with Offenders. When I tried to report this
incident as required by Operating Procedure 038.3 page 12 III Detection &
Reporting; A.1.b; Any inmate or CCAP Probationer/parolee who observes, is
involved in, or has any knowledge or suspicion of a sexual assault or an
unauthorized relationship should immediately notify staff." I was threatend
by investigator T. Deel and when I continued to try and notify staff through
exhausting my administrative remedies I was notified by R. Perry, a VDOC
Ombudsman Services Unit Manager in regards to the complaint filed on this
issue ROSP-25-WRI-01286, that nurse Mullins can file her own complaint
which goes against what im told to do per policy.
Exhausted All Administrative Remedies. I call into question state of mind.

USCS Fed Rule Civil Procedure: Rule 15

Amended Claim: Officer Potter / Individual Capacity

8/6/24 In Bravo 4 (RHU) between 4:30pm and 4:45pm a incident occurred involving Officer Potter and myself. I was in cell B401 and was attempting to have a bowel movement. Female Officer, Gram was working the booth and could see into my cell, I use the bathroom nude so to avoid a sexual infraction charge I covered my cell window. During a round Officer Potter opened my tray slot, saw I was nude and said " Let me see that lil dick", closed the slot laughing and left. I felt sexually harassed. Officer Potters violation is, when an inmate covers their window he is not supposed to open the slot. This makes him vulnerable to attack where fluids can be thrown into his face. This could then make the Virginia Department of Corrections responsible if found liable. Officer Potter did not follow the proper protocol in this situation. He was supposed to notify his supervisor Sgt. Mullins of the institutional security threat and wait until the supervisor arrived to assess the situation and determine what measure would be taken from there. This was a breach of security by Officer Potter and this put both of our lives in jeopardy. This was a total disregard for policy and procedure, and constitutes a cruel and unusual punishment when adequate safety can not be provided to staff and inmates. I am afraid of Officer Potter because I have witnessed him sexually assault Nurse Mullins in front of me. This was reported to investigator T. Deel. I call into question defendants state of mind.

Exhausted All Administrative Remedies.

USCS Fed Rule Civil Procedure: Rule #15
New Claim: Sgt. Whit, Officer Robinson, Officer Stutzman, Lt. Barton, Sgt. Rogers, Unit Manager Collins, ~~Robinson~~ ~~Robinson~~ ~~Stutzman~~ ~~Barton~~, ~~Robinson~~ ~~Robinson~~ ~~Robinson~~

Supplemental Pleading: Individual Capacity of defendants
I pro se complainant Inmate Crocker was removed from N04 and placed in B402 seeking protection 1/31/25 between 1pm and 5pm. Once placed in B402 I became aware of a fecal odor immediately and asked Sgt. Barnet and Officer Stutzman and Officer Robinson if the cell worked, I was given "it should" and then was placed inside cell B402.
1/31/25, 7:30pm during a round I notified Sgt. Whit, on his Axon Body Worn Camera that the toilet did not work and the cell smelled of feces. 2/1/25 between 9am + 9:15am, I notified Officer Robinson my cell smelled of feces and the toilet was full of feces and did not work. During this time I was forced to urinate in the sink I drink from. I notified Officer Stutzman 2/1/25 about cell conditions and she stated she knew, the Inmate previously occupying cell B402 was removed and relocated to B403 hours to my arrival in B402. I was kept in B402 the whole 2/1/25. Drinking from and urinating in sink. No toilet to use bathroom for bowel movements.
February 2nd, 2025: I Inmate Crocker had to defecate into a pile of clothes because toilet didn't work in B402. Had to eat 7th tray in cell with feces.

Continued Claim: Sgt. Whrt, Officer Robinson, Officer Shitzman, Sgt. Rogers, Lt. Barton, Unit Manager Collins.

February 3, 2025: I Inmate Crocker spoke with Lt. Barton 8:40 am on his Axon Body Worn Camera from cell B402. I showed Lt. Barton feces in clothes and complained of non-functioning toilet filled with feces. I explained I was placed in B402 days prior and toilet has not worked the whole time. I explained I had to urinate and in the sink and drink from the sink. I had to eat 8 trays in a cell reeking of feces. There was feces inside a pile of clothes and the smell of feces was so over powering I was becoming physically sick. I was still left in B402 the entire 2/3/25 with staff knowing my toilet was full of feces and did not work.

February 4, 2025: I Inmate Crocker spoke with Lt. Barton, Unit Manager Collins, Lt. Bolling about being left in B402 since 1/31/25 with no working toilet. I had to eat 11th tray in cell smelling of feces. I turned in Emergency Grievance # 132990 2/4/25 12:44pm to C/O Turner explaining condition of toilet and cell and how feces and smell of feces caused me to become physically ill and vomit.

Continued Claim: Sgt. Whit, Officer Robinson, Officer Stutzman, Sgt. Rogers, Lt. Barton, Unit Manager Collins

In conclusion, I was left in Cell B402 "Restorative Housing Unit" with no functioning toilet from 1/31/25 until 2/4/25. The toilet in B402 was filled with feces upon my entering and corrections officers knew this and still allowed me to be housed in these conditions.

The cell is always to be inspected thoroughly by staff members before an inmate is housed in "RHU". This is to detect any contraband and to determine if a cell functions properly to ensure all working functions work and insure safety to the inmate and staff. This process was discarded in my situation. Each defendant acted in their own individual capacity outside color of state law.

Officer Robinson and Officer Stutzman were the B4 510 "Floor Officers" 1/31/25 - 2/2/25, Sgt. Rogers was the building Sgt (1/31/25 - 2/2/25.

Lt. Barton-Building Lt of Bravo Building) (Unit Manager Collins-Unit/Building Manager of Bravo Building, Sgt Whit-Night Shift Sgt 1/31/25 - 2/2/25

Administrative Remedies Exhausted

I call into question the state of mind.

Supplemental Pleading

New Claim: Institutional Ombudsman G. Still, Grievance Coordinator M. Whitman

Page #1 Supplemental Pleading, Individual Capacity's

On several occassions I have turned in written complaints to detail misconducts by staff. I am requred by Operating Procedure 866.1 "Inmate Grievance Procedure/Handbook" to report any misconduct I witness by inmate or staff, free from retaliation. When I have tried to report these actions by exhausting my administrative remedies ex "Grievance # ROSP-25-WRI-00887 my complaints were determined to be insufficient because they didn't state how it personally affected me or Grievance # ROSP-25-WRI-00887 my filing period had expired. In the case of Grievance # ROSP-25-WRI-00887, I was to file a grievance as my next step in this particular case as the next action date approached. I filed the regular grievance before the next action date. The grievance was returned because it was not the grievance form she wanted to accept. The form came in 2 documents. One to explain

Claim Continued: Institutional Ombudsman G. Still,
Grievance Coordinator M. Whitman
Page #2
the grieved issue, the other to give the Ombudsman
the right of an intake decision. I was told to resubmit
on a single grievance form (866-F1-4-24. When I
resubmitted this document the intake decision was
my "filing period expired" even though I submitted
the document sent by the Ombudsman Unit immediately.
The Institutional Ombudsman was supposed to extend
my filing period per DP 866.1 because the delay
was beyond my control. I used the available grievance
document in the housing unit retrieved by the floor
officers. It is the Institutional Ombudsman duty to
ensure the proper grievance documentation is
available to inmates per OP 866.1 page 3 "Definitions"
"Institutional Ombudsman". A reasonable person would
believe the words "designated to coordinate and
monitor" as the person responsible for all documentation

and forwarding of any information. The Institutional Ombudsman

Service Unit has failed to uphold their job duties and obligations.

This has delayed the process of having sexual predators detected,

and punished. This has caused me to be raped multiple more

times by officers. This is a protected right that has been thwarted

and undermined to protect inmates.

Exhausted All Administrative Remedies

Continued Claim: Institutional Ombudsman G. Still, Institutional

Ombudsman G. Still

I call into question defendants state of mind, in their individual
capacity.

USCS Fed Rule Civil Procedure: Rule #15
'Amended Claim: Officer Mays/Individual Capacity

On 8/23/24 in Bravo 4 between 9:00am and 11:00am, I inmate Crocker was housed in B4, I requested to be placed on Mental Health precautions. Staff arrived and I was told to strip search by correction officer Mays, while Lt. Jones stood off at the back of the door. Another sgt was present, a captain, and Lt. Fleming. Officer Mays instructed me to remove my clothing and I did. I was told to ~~come~~ back away from the door, turn around, squat, cough, show the bottoms of my feet, turn back around facing the door, open my mouth, lift my tongue, then I was told to grope my penis, and my testicles. I became hesitant and expressed to officer Mays I didn't want to fondle myself while he watched due to fear of receiving a charge. He reiterated that I would be touching myself and then demanded again that I fondle and grope my penis and testicles. The Lt then leaned over and looked into my cell while I was nude, laughing at me, knowing how violent officer Mays can become (he had just returned from leave for assaulting another inmate) and the subtle threat issued by him, for fear of being assaulted I complied and groped my penis and testicles in his presence. I was then given my underwear, handcuffed, shackled, and removed from the cell. I had no physical altercation with staff outside the cell. After removing my property, I was being placed back into the cell when staff told me to kneel in the kneeling zone. Someone commented about a second pair of underwear I had on given to me by staff. While kneeling in the kneeling zone, I was held down by officer Mays around my neck and he tore my underwear off. I felt pain in my neck and became afraid. I did not move. Officer Mays then grabbed the ankle shackles and began to grind them on my ankles cutting me and leaving abrasions. He removed the shackles and then placed them on my ankles again grinding them around my ankles cutting me more and then removed them again. I was in shock and afraid. Supervisors stood by and watched me being subjected to cruel and unusual punishment all because I needed mental help and expressed fear of receiving a charge for groping myself in the presence of staff which violates operating procedure 688.3 (Prison Rape Elimination Act). I asked for staff to help me and protect me, instead I was abused and shown deliberate indifference to my mental health and safety. I call into question defendants state of mind. Exhausted All Administrative Remedies

USCS Fed Rule Civil Procedure : Rule 15
Amended Claim : Lt. Fleming / Individual Capacity


On 9/17/24 in Alpha 4 cell 18 between 10am and 12pm I expressed to multiple floor officers I needed to speak with mental health staff. When the mental health clinician arrived I expressed that I voluntarily wanted to be placed on mental health precaution strip cell. Officers arrived, I was told to disrobe, I disrobed, I was told to come to the door and be restrained, I complied and was restrained. I was deemed not a threat and removed to from A418 wearing only boxers so staff could remove my property from cell 418. While outside of 418 restrained by two officers, and only wearing a pair of boxers, I noticed Lt. Fleming staring down. When he saw me notice this he turned away from me body camera now facing into 418. When I looked down to see why he was staring I noticed my penis was exposed. Being that I was cuffed behind my back I tried to reach and fix my boxers to address this wardrobe malfunction. Lt Fleming then yelled "stop resisting" and physically assaulted me by tackling me to the ground hurting my head, chest, and hip. This also caused Lt Meade to fall over, one of the staff members holding me by the arm. This also caused officer Smallwood a 6'5" 300lb person to jump on top of me. This is what caused the hip pain. After everyone got off of me medical arrived where I complained of only chest pain at that time. This physical assault by staff was unprovoked and above penalogical justification. My genitals are not allowed to be exposed according to Operating Procedure 038.3 ( Prison Rape Elimination Act ). The attack and then the pain and suffering I endured after for days is cruel and unusual punishment. I did nothing but express the need for mental health assistance. This was the second time I was abused by staff for needing mental health and this also shows a deliberate indifference to inmate safety. For me to ask for help and staff turn around to use the situation to bring harm to me shows malicious and sadistic intent. I call into question defendants state of mind.

Exhausted All Administrative Remedies