**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

ME'SHAUN CROCKER,

Plaintiff,

v. Civil Action No.: 7:24cv910

MAJOR HALL, et. al.,

Defendant.

**AFFIDAVIT**

Commonwealth of Virginia, County of Wise, to-wit:

T. STILL, first being duly sworn, states as follows:

1. I am the Institutional Ombudsman at Red Onion State Prison ("ROSP"), a Virginia Department of Corrections ("VDOC") facility.

2. The information contained in this affidavit is based on personal knowledge and records maintained in the regular and ordinary course of business.

3. I am generally aware that inmate Me'Shaun Crocker #1441347, has filed a lawsuit wherein she alleges that Officer Potter sexually harassed her on August 6, 2024; Officer Mays sexually assaulted her; and Lt. Fleming sexually harassed her and used excessive force.

4. VDOC Operating Procedure ("OP") 866.1, *Offender Grievance Procedure*, provides that the grievance procedure is a mechanism for inmates to resolve complaints, appeal administrative decisions, and challenge the substance of procedures. The process provides corrections administrators a means to assess potential problems and, if necessary, correct those problems in a timely manner. Under federal and state law, inmates must exhaust available

administrative processes prior to filing lawsuits concerning conditions of incarceration. Exhaustion of the Regular Grievance procedure is mandatory prior to litigation by the inmate. Each inmate is entitled to use the grievance procedure for problem resolution. Reprisals are not imposed upon inmates for filing grievances. A copy of OP 866.1, effective July 1, 2024, is attached as Enclosure A.

5. OP 866.1 provides that all issues which affect the grievant personally are grievable except those pertaining to policies, procedures, and decisions of the Virginia Parole Board, disciplinary hearings, State and Federal Court decisions, laws and regulations, and other matters beyond the control of the VDOC.

6. Regular Grievances must be submitted within 30 calendar days from the date of the incident. Prior to submitting a Regular Grievance, the inmate must demonstrate that he has made an effort to informally resolve his complaint. This may be accomplished by submitting a Written Complaint form to the Grievance Department at the relevant institution, which is then forwarded to the appropriate Department Head. Prison staff should respond to the inmate's Written Complaint within 15 calendar days to ensure that informal responses are provided prior to the expiration of the 30-day time period in which an inmate may file his Regular Grievance. If the inmate is dissatisfied with the response to the Written Complaint, the offender may submit a Regular Grievance on the issue. If he submits a Regular Grievance, he is required to attach the Written Complaint as documentation of his attempt to resolve the issue informally. Even if an inmate has not received a response to a Written Complaint, the inmate must still submit the Regular Grievance within 30 days from the date of the incident or discovery of the incident.

7. The Regular Grievance is stamped and considered received on the working day it is received by the institution's grievance department. If an inmate is unable to file a regular

grievance within 30 days for reasons beyond the inmate's control, the inmate must submit the Regular Grievance within five days once the reason for the delay is no longer valid. Otherwise, the grievance will be rejected as untimely. Only one issue may be addressed per Regular Grievance. The Regular Grievance must include all records necessary to investigate and address the Written Complaint.

8. Those Regular Grievances that do not meet the filing requirements of OP 866.1 are returned to the inmate within two working days from the date of receipt. A copy is made of all rejected Regular Grievances returned to the inmate with the justification for return noted on the second page (or back) of the grievance. Reasons include, but are not limited to, more than one issue per grievance, expired filing period, repetitive, insufficient information, and requests for services. The inmate is instructed how to remedy any problems with the grievance when feasible. If an inmate wishes review of the intake decision on any grievance, he may indicate as such at the bottom of the grievance form and send the grievance to the Regional Ombudsman for a determination. If the Regular Grievance does not meet the criteria for acceptance and review by the Regional Ombudsman and does not result in intake into the grievance process, the issue must be resubmitted in accordance with the criteria in OP 866.1 for acceptance. There is no further review of the intake decision.

9. After a Regular Grievance is accepted during the intake process, there are two levels of review available for Regular Grievances. Level I reviews are conducted by the Warden or Superintendent of the facility where the inmate is located. If the inmate is dissatisfied with the Level I determination, he may appeal the determination to Level II. Level II reviews are conducted by the Regional Administrator, Health Services Director, or Chief of Operations for Classification and Records, depending on the issue. For most issues, Level II is the final level of

review. The time limit for issuing a Level I response is 30 days and 20 days for a Level II response. Expiration of the time limit without issuance of a response at any stage of the process automatically qualifies the grievance for appeal to the next level of review.

10. An inmate meets the exhaustion of remedies requirement only when a Regular Grievance has been accepted into the grievance process and appealed through the highest eligible level of appeal without satisfactory resolution of the issue. Emergency grievances do not qualify for purposes of grievance exhaustion.

11. Inmates are oriented to the Offender Grievance Procedure when they are initially received into the VDOC, as well as each time they are transferred to a different facility.

12. I have reviewed the grievance records for Crocker. Based on these records, Crocker did not properly exhaust her administrative remedies concerning the allegations in stated in Paragraph 3.

13. On August 12, 2024, a Written Complaint was received from Crocker, No. ROSP-24-WRI-04666, in which she complained that her cell window was covered because she was naked and Officer Potter opened the tray slot and made a sexual comment to her. Intel Officer Deel responded on August 19, 2024, and stated that an investigation would be conducted into Crocker's allegation.

14. Crocker submitted a Regular Grievance on February 11, 2025, stating that on August 6, 2024, Officer Potter opened her tray slot and sexually harassed her, and that this was retaliation. On February 24, 2025, I rejected the grievance for intake because Crocker failed to use the informal complaint process, as the Written Complaint was not included with Crocker's Regular Grievance filing. Crocker did not refile the Regular Grievance with a copy of the Written Complaint and did not appeal the intake decision to the Regional Ombudsman. Crocker

therefore failed to exhaust this claim. A copy of Written Complaint ROSP-24-WRI-04666 and the rejected Regular Grievance is attached as Enclosure B.

15. On December 2, 2024, a Regular Grievance, No. ROSP-24-REG-00895, was submitted by Crocker. It was accepted upon intake as a PREA complaint. Crocker stated that on December 2, 2024, while being placed on suicide watch, she was sexually assaulted by Officer Mays when Officer Mays tore her boxers off. On January 2, 2025, a Level I response was issued, stating that the grievance office confirmed that Crocker's allegation was received by the Investigation Unit on December 9, 2024, and that Crocker would receive notification of the findings upon the completion of the investigation. Crocker submitted an appeal to Level II on January 3, 2025. On January 16, 2025 the Level II respondent gave the same response that was given in the Level I response. A copy of Regular Grievance ROSP-24-REG-00895 is attached as Enclosure C.

16. On November 9, 2024, a Regular Grievance, No. ROSP-24-REG-00845, was submitted by Crocker. It was accepted upon intake as a PREA complaint. Crocker stated that on November 9, 2024, Lt. Fleming saw her genitals and would not let her fix her boxers, and that this was sexual assault. On November 18, Crocker submitted another Regular Grievance that stated that she wanted to know what was being done about her PREA complaint and that she was terrified. This second Regular Grievance was denied on intake for being repetitive and for failing to use the Informal Complaint process.

17. On December 12, 2024, a Level I response was issued, stating that Crocker's allegations were received by the Investigation Unit on November 14, 2024, and that she would be notified of the findings. On December 16, 2024, Crocker submitted an appeal. On January 16,

2025, the Level II respondent gave the same response that was given in the Level I response. A copy of Regular Grievance ROSP-24-REG-00845 is attached as Enclosure D.

18. Crocker's grievance submissions against Officer Mays and Lt. Fleming were sufficient for exhausting the claims as described in her grievances. However, this would not suffice to exhaust a different claim alleged to have occurred on a different date. I have reviewed Crocker's grievance file, and there are no other Regular Grievances alleging similar conduct by Officer Mays and Lt. Fleming having occurred on separate dates.

19. Crocker has not filed a regular grievance that was accepted for intake and appealed through all available levels with respect to the claims asserted against Potter. As noted in Paragraph 18, Crocker's grievance submissions against Officer Mays and Lt. Fleming were sufficient to exhaust the claims described in her grievance, but not to exhaust any other claim asserted against Mays or Fleming alleged to have occurred on a different date.

T. STILL

____________________________________
Affiant

Sworn and subscribed to before me, a Notary Public, in and for the State of Virginia, County of Wise, on this ___________ day of September 2025

____________________________________
Notary Public

My commission expires: ____________________________________

# Virginia Department of Corrections

**Inmate Management and Programs**

**Operating Procedure 866.1**

***Inmate Grievance Procedure***

**Authority:**
Directive 866, *Inmate Complaints and Legal Access*

**Effective Date:** July 1, 2024

**Amended:** 8/1/24

**Supersedes:**
Operating Procedure 866.1, February 1, 2021

**Access:** ☐ Restricted ☒ Public ☒ Inmate

**ACA/PREA Standards:**
5-ACI-3D-19, 5-ACI-6A-01, 5-ACI-6C-01; 4-ACRS-4C-01, 4-ACRS-6B-03; 2-CI-5A-7; 2-CO-3C-01; §115.51, §115.52

| | | | |
|---|---|---|---|
| **Content Owner:** | Erica T. Westfield<br>Legal Compliance Manager | Signature Copy on File<br>Signature | 5/7/24<br>Date |
| **Reviewer:** | Ryan C. McCord<br>Director of Administrative Compliance | Signature Copy on File<br>Signature | 5/7/274<br>Date |
| **Signatory:** | Joseph W. Walters<br>Deputy Director for Administration | Signature Copy on File<br>Signature | 5/7/24<br>Date |
| **Signatory:** | A. David Robinson<br>Chief of Corrections Operations | Signature Copy on File<br>Signature | 5/7/24<br>Date |

## REVIEW

The Content Owner will review this operating procedure annually and re-write it no later than three years after the effective date.

## COMPLIANCE

This operating procedure applies to all units operated by the Virginia Department of Corrections (DOC). Practices and procedures must comply with applicable State and Federal laws and regulations, American Correctional Association (ACA) standards, Prison Rape Elimination Act (PREA) standards, and DOC directives and operating procedures.



ENCLOSURE A

## Table of Contents

DEFINITIONS ..... 3
PURPOSE ..... 4
PROCEDURE ..... 4
I. Grievance Procedure Overview ..... 4
II. Informal Complaint Process ..... 5
III. Regular Grievance Process ..... 6
IV. The Grievance Appeal Process ..... 11
V. Judicial Relief ..... 13
VI. Inmate Limitation Decision as a Result of Abuse ..... 13
VII. Emergency Grievance Process ..... 14
VIII. Grievance Hotline ..... 15
IX. Administration, Operation, and Enforcement of the Grievance Procedure ..... 15
REFERENCES ..... 18
ATTACHMENTS ..... 18
FORM CITATIONS ..... 18

# DEFINITIONS

**Body Worn Camera (BWC)** - A DOC issued device affixed to a Corrections Officer's uniform with the capability of capturing, recording, and storing audio and video information.

**Day** - Any 24-hour day regardless of weekends or holidays.

**Emergency** - A situation or condition which may subject the inmate to immediate risk of serious personal injury or irreparable harm.

**Emergency Grievance** - An inmate's formal complaint alleging a situation or condition which, if left unresolved, would subject the inmate to substantial risk of imminent sexual abuse or immediate risk of serious personal injury or irreparable harm.

**Grievance Hotline** - A toll free telephone number maintained to allow inmates and CCAP probationers/parolees to notify VADOC staff that they are in need of an Emergency Grievance, Written Complaint, Regular Grievance, or Grievance Receipt.

**Informal Complaint Process** - A process that consists of both a verbal and written complaint in which an inmate attempts to resolve an issue informally with staff prior to submitting a grievance.

**Inmate Grievance Procedure** - The process by which inmates resolve complaints and grievances using the procedures outlined in this document and the institution's corresponding Implementation Memorandum.

**Institution** - A prison facility operated by the Department of Corrections; includes major institutions, field units, and work centers.

**Institutional Ombudsman** - Staff designated to coordinate and monitor the *Inmate Grievance Procedure* at the institution. At least one employee may be designated as an Alternate.

**Regional Ombudsman** - Staff designated to monitor the grievance procedure and provide investigative services for inmate grievance appeals within their assigned Region.

**Regular Grievance** - An inmate's formal complaint submitted on a *Regular Grievance* 866_F1 concerning an unresolved issue which has affected the inmate personally and meets intake criteria.

**Retaliatory Action** - Any adverse or punitive action or threat of similar action against anyone for use of or participation in the *Inmate Grievance Procedure*.

**Third Party (PREA)** - Any individual, not the inmate, who assists an inmate in completing or filing a grievance pertaining to allegations of sexual abuse and/or sexual harassment or who files such a request on the inmate's behalf.

**Verbal Complaint** - The first step in the informal complaint process in which the inmate discusses their issue with a staff member for a quick resolution.

**Waking Hours** - The hours in the day after the first formal count has cleared and before the last formal count begins in which facility activities are generally conducted.

**Working Day** - Weekdays, Monday through Friday, not counting official state holidays.

**Written Complaint** - The second step in the informal complaint process in which the inmate submits their issue in writing on a *Written Complaint* 866_F3.

## PURPOSE

This operating procedure provides an administrative process for fairly and promptly resolving issues and complaints submitted by inmates housed in Department of Corrections (DOC) institutions.

## PROCEDURE

I. Grievance Procedure Overview

A complete explanation on each step of the *Inmate Grievance Procedure* to include the verbal and written complaint, regular grievance, and emergency grievance process as well as any exceptions are covered in this operating procedure. This operating procedure defines the boundaries and steps required to constitute an exhaustion of administrative remedy for *Judicial Review* purposes.

A. The Institutional Ombudsman or designee will ensure each inmate receives a copy of this operating procedure and signs the *Inmate Grievance Procedure Receipt* 866_F6, verifying receipt. (added 8/1/24)

1. The Institutional Ombudsman or designee will ensure a copy of this operating procedure is available in the institutional library, Law Library, and other designated locations.
2. Staff will maintain the original *Inmate Grievance Procedure Receipt* 866_F6 in the inmate's historical hardcopy record or facility folder as appropriate.
3. Staff will upload the signed *Inmate Grievance Procedure Receipt* 866_F6 as an external document in the *Facility Notes* section of VACORIS identified as a *Special Entry*.

B. The *Inmate Grievance Procedure* is one way in which inmates can privately report sexual abuse and sexual harassment, retaliation by other inmates or staff for reporting sexual abuse and sexual harassment, and/or any staff neglect or violation of responsibilities that may have contributed to such incidents. (§115.51[a])

C. Staff are prohibited from interfering in any part of the complaint or grievance process and from retaliating against an individual for use and/or participation in the *Inmate Grievance Procedure*.

D. Each institution must provide a locked Grievance Mailbox, separate from other institutional mailboxes, for inmates to submit their grievance documents directly to the Institutional Ombudsman.

1. Only the Institutional Ombudsman, Operations Manager, and Agency Management Analyst are allowed to pick up mail from the Grievance Mailbox.
2. The Facility Unit Head will determine which staff members in addition to the Institutional Ombudsman, Operations Manager, and Agency Management Analyst will have access to the Grievance Mailbox in an emergency.
3. Facility Staff must provide inmates with written information on the location of the Grievance Mailbox as well as the scheduled time of pickup.
4. The inmate is responsible for placing their documents in the mailbox within the established filing deadlines.

E. Staff must make reasonable accommodations, on a case-by-case basis, for inmates with disabilities to participate in the grievance process; see Operating Procedure 801.3, *Managing Inmates and Probationers/Parolees with Disabilities*. When an inmate requests an accommodation, the Unit Manager or designee must ensure staff record the inmate's request on a BWC.

F. A brief overview of the informal complaint, regular grievance, and emergency grievance process from start to finish is provided on Attachment 1, *Inmate Complaint, Grievance, and Emergency Grievance Process Overview.*

II. Informal Complaint Process

A. Verbal Complaint

1. A verbal complaint is an inmate's first option to resolve issues quickly and informally with staff.
2. Receiving staff must accept all verbal complaints for consideration and must try to resolve the inmate's issue themselves which may include contacting another staff member for assistance.
3. If receiving staff cannot or should not resolve the inmate's issue, the staff member must notify the inmate of the appropriate process for resolving their issue, e.g., sick call request, *Facility Request* 801_F3, etc. For example, if the verbal complaint is about medical care, receiving staff should refer the inmate to the facility sick call process.

B. Written Complaint

1. Requesting a *Written Complaint* - An inmate may request a *Written Complaint* 866_F3 if their verbal complaint remains unresolved or the inmate is not satisfied with the resolution.
   a. While *Written Complaints* 866_F3 are readily available to inmates in the housing units or other designated locations, staff must inform the inmate of the exact designated location.
   b. When staff issue *Written Complaints*, the inmate must receive a *Written Complaint* as soon as practicable but no later than by the end of that staff member's workday.
   c. Completing and Submitting a *Written Complaint* - Following receipt, the inmate should submit the *Written Complaint* 866_F3. *Written Complaints* must be addressed to institutional staff or an institutional department as complaints are not referred outside the institution.
   d. The *Written Complaint* must be received by the Institutional Ombudsman within 15 days of the original incident or discovery of the incident.
   e. If the inmate has transferred since the incident's occurrence, the Institutional Ombudsman accepting the *Written Complaint* should send the *Written Complaint* to the institution where the issue originated for resolution.
2. Accepting a *Written Complaint* - The Institutional Ombudsman must accept all *Written Complaints* 866_F3 for consideration unless the inmate is limited in accordance with the *Limitation Decision as a Result of Abuse* section of this operating procedure.
3. Logging a *Written Complaint* - Within two working days of receipt, staff must log the *Written Complaint,* even those considered repetitive, in VACORIS, print the *Grievance Receipt,* and provide the inmate with the receipt as notification of acceptance.
4. Reviewing a *Written Complaint* - Following acceptance of a *Written Complaint*, an appropriate staff member should speak with the inmate and, when necessary, collaborate with other staff to better understand and respond to the inmate's complaint.
5. Resolving and Responding to a *Written Complaint* - Within 15 days of logged receipt, responding staff should seek resolution of the *Written Complaint* and prepare a written response to include any corresponding outcome(s).
   a. The Institutional Ombudsman must send all *Written Complaints* regarding medical, dental, and mental health care to corresponding medical, dental, and mental health staff, as appropriate, for response. (5-ACI-6C-01; 4-ACRS-4C-01)
   b. The Institutional Ombudsman must send all *Written Complaints* from inmates who were assigned to the Restorative Housing Unit for their own protection and are contesting their removal directly to the Facility Unit Head; see Operating Procedure 841.4, *Restorative Housing Units*.
   c. Staff must return the *Written Complaint* to the Institutional Ombudsman to review for timeliness and accuracy. The Institutional Ombudsman must log the response in VACORIS and provide the inmate a copy of the response.
   d. Staff who are the subject of a complaint alleging staff misconduct, sexual abuse or sexual

harassment of an inmate, or any possible violation of the *Standards of Conduct* must not be the respondent to the *Written Complaint* but may offer factual information during the investigation of the complaint. (§115.52[c (1)], (§115.52[c (2)])

6. Withdrawing a *Written Complaint* - The inmate may withdraw a *Written Complaint* at any time by completing the withdrawal section of the *Written Complaint* and submitting it to the Institutional Ombudsman.
   a. The withdrawal process requires a staff witness and signature, and must be logged in VACORIS.
   b. Once a *Written Complaint* is withdrawn, the inmate may resubmit the issue once on a new *Written Complaint* 866_F3 if the original 15-day time limit has not expired.

C. PREA Exception to Informal Complaint Process

1. An inmate is not required to use the informal complaint process or otherwise attempt to resolve with staff any alleged incident of sexual abuse or sexual harassment. (§115.52[b (3)])
2. Staff must accept all inmate allegations of sexual abuse and sexual harassment reported through the informal complaint process and must immediately report any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment to the Facility Unit Head and the PREA Compliance Manager. (§115.51[c]).
3. Staff must forward *Written Complaints* alleging sexual abuse or sexual assault to the PREA Compliance Manager for investigation.
   a. The written response to the complaint must be, "This matter has been forwarded for investigation to the PREA Compliance Manager."
   b. The PREA Compliance Manager must notify the Regional PREA Analyst.

III. Regular Grievance Process

A. Requesting a *Regular Grievance*

1. If the inmate is dissatisfied with staff's response or 15 days have passed without a response to their *Written Complaint*, the inmate may elect to file a *Regular Grievance.*
2. Inmates can request a *Regular Grievance* 866_F1 from staff during waking hours; see Attachment 2, *Filing a Regular Grievance,* for step-by-step instructions.
   a. While *Regular Grievances* 866_F1 are readily available to inmates in the housing units or other designated locations, staff must inform the inmate of the exact designated location.
   b. When staff issue *Regular Grievanc*es, the inmate must receive a *Regular Grievance* as soon as practicable but no later than by the end of that staff member's workday.

B. Completing and Submitting a *Regular Grievance*

1. A completed *Regular Grievance* 866_F1 should contain a single grievable issue.
   a. Grievable issues include:
      i. Substance or administration of operating procedures.
      ii. Actions of staff, contractual staff, volunteers, and interns.
      iii. Retaliation against the inmate for using the *Inmate Grievance Procedure.*
      iv. DOC's administration of the Interstate Compact Agreement.
      v. Conditions of care under the authority of the DOC.
   b. Non-Grievable issues include:
      i. Disciplinary hearing decisions, penalties and/or procedural errors, which may be appealed in accordance with Operating Procedure 861.1, *Inmate Discipline.*
      ii. Regular Grievance Intake Decisions - which must be appealed through the established process.
      iii. Limitation Decisions - which must be appealed to the Regional Administrator through the established process.

iv. State and Federal laws, regulations, and court decisions.
v. Policies, procedures, and decisions of other agencies including the Parole Board, the Board of Local and Regional Jails, and the Virginia Department of Transportation (VDOT).
vi. Issues yet to occur.
vii. Other issues beyond the control of the DOC.

c. The grieved issue must:
i. Affect the inmate personally.
ii. Be identical to and limited to the issue submitted on the *Written Complaint.*

2. A completed *Regular Grievance* 866_F1 must include the inmate's name, number, housing information, the date the incident occurred or was discovered, and a detailed explanation of the issue and how it affected the inmate, including specific identification of only those staff whose actions prompted filing a *Regular Grievance*.

3. The grievance should avoid the reasons for rejection and return listed on the *Regular Grievance* 866_F1 and/or Attachment 2, *Filing a Regular Grievance*.

4. Third Party Assistance - Third parties are permitted to assist inmates in completing grievances relating to allegations of sexual abuse and sexual harassment and can file such requests on behalf of inmates. (§115.51[c], §115.52[e])

a. If a third-party files such a request on behalf of an inmate, staff must verify with the inmate that they agree to have the request filed on their behalf.
i. If the inmate does not agree, staff must have the inmate withdraw the grievance.
ii. If the inmate does agree, assistance from fellow inmates or staff members may continue through all stages that remain.

b. Any third party filing of a request related to allegations of sexual abuse or sexual harassment must be forwarded to the PREA Compliance Manager.

c. For all other grievances, third parties are permitted to assist only in the completion of the *Regular Grievance* 866_F1.

d. Staff must make reasonable accommodations, on a case-by-case basis, for inmates with disabilities to participate in the grievance process; see Operating Procedure 801.3, *Managing Inmates and Probationers/Parolees with Disabilities*. When an inmate requests an accommodation, the Unit Manager or designee must ensure staff record the inmate's request on a BWC.

5. Timeline for Submission - An inmate must deliver the original *Regular Grievance* 866_F1 with attached document(s) to the Grievance Mailbox within 30 days from the date of the original incident or discovery of the incident unless a more restrictive timeframe applies.

a. Photocopies and Carbon Copies are not accepted.

b. Exceptions to the 30-day timeline for filing:
i. The delay is beyond the inmate's control, i.e., injury, sickness, etc. The inmate has five days to file their grievance once the reason for delay is no longer valid.
ii. The inmate has not received formal orientation on accessing the *Inmate Grievance Procedure* at the inmate's current institution. Provisions should be made for staff to assist so that the inmate's ability to grieve an issue is in no way hindered.
iii. A more restrictive time limit has been established in operating procedures to prevent loss of remedy or the issue becoming moot.
iv. There is no time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse or sexual harassment. (§115.52[b (1)])
(a) Otherwise-applicable time limits apply to any portion of a grievance that does not allege an incident of sexual abuse. (§115.52[b (2)])
(b) The DOC retains their ability to the extent permitted by law to defend against an inmate lawsuit on the grounds that the applicable statute of limitations has expired. (§115.52[b (3)])

6. Supporting Documentation - Supporting documents must be filed with the *Regular Grievance* for consideration. Such documents include but are not limited to the following:
   a. *Written Complaint*
   b. *Notification of Confiscation of Property*
   c. *Notice of Unauthorized Correspondence*
   d. *Notification of Publication Disapproval*
   e. *Institutional Classification Authority Hearing* report and any related documents
   f. *Request for Reasonable Accommodation*
   g. *Emergency Grievance Response*
7. If the inmate transferred prior to final resolution of the grievance, the Institutional Ombudsman must send the *Regular Grievance* with the corresponding supporting documentation to the institution where the issue originated for resolution.

C. Accepting or Rejecting a *Regular Grievance*

1. Each day, the Institutional Ombudsman must retrieve all documents from the grievance mailbox at or following their institution's scheduled pick-up time.
2. Regardless of the intake decision (accepting or rejecting the grievance), all documents retrieved from the grievance mailbox must be date stamped with the date received.
3. *Regular Grievances* which include *Written Complaints* filed after the 15 days should be accepted for intake if the *Regular Grievance* is submitted within 30 days of the event or discovery.
4. If the *Regular Grievance* meets the intake criteria, staff must accept the grievance and log it into VACORIS using the received date. Within two working days, the Institutional Ombudsman must print and provide the *Grievance Receipt* to the inmate as notification of acceptance.
5. If the *Regular Grievance* does not meet the intake criteria, the Institutional Ombudsman has two working days from receipt to complete the *Intake* section on the *Regular Grievance* 866_F1 indicating the reason for rejection and return the *Regular Grievance* to the inmate. The Institutional Ombudsman must maintain a copy of all returned grievances.
6. If the inmate disagrees with the intake decision, the inmate has five days to appeal the decision.
7. Special Concerns during the Intake Process
   a. Staff must accept all inmate allegations of sexual abuse and sexual harassment reported on a grievance and must immediately report any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment to the Facility Unit Head and PREA Compliance Manager. The PREA Compliance Manager must notify the Regional PREA Analyst. (§115.51[c])
   b. Staff must bring any grievance alleging physical assault or criminal activity to the attention of the Facility Unit Head immediately upon receipt.
   c. Staff must not return a *Regular Grievance* concerning an inmate's medical care to the inmate for insufficient information. Staff must forward these grievances to the Medical Department once logged.
   d. Staff must not return a *Regular Grievance* alleging sexual abuse or sexual harassment for insufficient information. Staff must forward these grievances to the PREA Compliance Manager once logged.
   e. Virginia inmates housed in states participating in the *Interstate Compact Agreement* must submit *Regular Grievances* concerning the *Agreement* to the Manager of Central Classification Services in the Office of Offender Management Services for response.
   f. When a grievance references a specific audio or video recording, the Institutional Ombudsman must request the Institutional Investigator make a copy of the recording and maintain it until exhaustion of administrative remedies or pending litigation in accordance with Operating

Procedure 030.1, *Evidence Collection and Preservation.*

D. Reviewing a Grievance

1. Once the grievance is accepted, logged, and receipted, the Institutional Ombudsman determines the course of investigation.
2. If there is more than one issue on the *Regular Grievance* 866_F1, the Institutional Ombudsman will only investigate and provide a grievance response to the exact same issue addressed through the informal complaint process.
    a. The Institutional Ombudsman will send all other issues on the *Regular Grievance* to the Unit Manager and/or other staff, who can address the inmate's issue, for investigation and resolution.
    b. The Institutional Ombudsman will designate a due date for the findings to be returned for review.
    c. When an issue on inmate medical care is included in a *Regular Grievance* with other issues, the Institutional Ombudsman must forward a copy of the *Regular Grievance* to the Medical Department. (5-ACI-6C-01; 4-ACRS-4C-01)
    d. When an issue on sexual abuse or sexual assault is included in a *Regular Grievance* with other issues, the Institutional Ombudsman must forward a copy of the *Regular Grievance* to the PREA Compliance Manager.
3. The Institutional Ombudsman should have a face-to-face conversation with the submitting inmate to ensure comprehension of the issue.
4. All records necessary to address the issue must be available to staff conducting the investigation.

E. Determining a Disposition and Remedy

1. After investigation, the Facility Unit Head or Assistant Facility Unit Head, must review the Institutional Ombudsman's findings to ensure an appropriate investigation occurred and then assign one of three disposition categories:
    a. Resolvable - The investigation determined the inmate's claim is credible and a remedy may exist.
    b. Unfounded - The investigation determined the inmate's claim is not credible and a remedy does not exist.
    c. Indeterminable - The investigation failed to determine the credibility of the inmate's claim or identify a potential remedy with the facts available.
2. Before issuing a response, the Facility Unit Head or Assistant Facility Unit Head must determine an appropriate remedy and ensure that any action taken is completed within a specified time frame.

F. Responding to and Resolving the Grievance

1. The Institutional Ombudsman, or designee, must prepare an *Inmate Grievance Response - Level I* draft in VACORIS for review by the Facility Unit Head or Assistant Facility Unit Head.
    a. The *Inmate Grievance Response-Level I* must be clear, comprehensive, and include the following information:
        i. The results of the informal process.
        ii. The facts (who, what, where, when why).
        iii. The procedure and substance which govern the issue.
        iv. A disposition of whether the grievance is resolvable, indeterminable, or unfounded.
        v. If resolvable, the remedy to be provided and the time frame for provision.
        vi. The reason for the determination.
        vii. Instructions on the appeal process.
    b. The *Inmate Grievance Response-Level I* for all resolvable grievances must include the remedy.
        i. Individual Inmate Remedy
            (a) Redress must be specific to the inmate (protection of the inmate; return or reimbursement

of property; appropriate, prompt classification action; re-computation of time; timely medical attention or treatment; improvement of living conditions, etc.).

(b) Staff must complete the redress in a timely manner. Timeliness depends on the gravity of the issue and the nature of the redress.

ii. Administrative Remedy (as necessary)

(a) The Facility Unit Head may revise local operating procedures, implementation memorandums, and/or institutional business practices to remedy a systemic issue that is determined to be harmful, unfair, or in violation of a governing policy, procedure, code, or regulation.

(b) Any change to the substance, interpretation, or application of the institutional procedure and/or practice must be clearly communicated to staff and documented.

(c) The response must not include any information related to disciplinary actions against staff.

c. When a grievance has been forwarded to the PREA Compliance Manager, the grievance response will be, "This matter has been forwarded for investigation to the PREA Compliance Manager."

d. The Institutional Ombudsman must print the *Inmate Grievance Response - Level I* for review and signature by the Facility Unit Head or Assistant Facility Unit Head.

i. The Facility Unit Head or Assistant Facility Unit Head must review the *Inmate Grievance Response-Level I* to ensure the following:

(a) A thorough and complete investigation was conducted.

(b) The grievance response is comprehensive and adequately addresses the inmate's issue.

(c) The disposition is appropriate.

(d) The recommended remedy, if included, is appropriate and timely.

ii. The Facility Unit Head or Assistant Facility Unit Head must ensure that the inmate's concerns are resolved prior to signing the *Inmate Grievance Response - Level I*.

e. Staff must give the signed copy of the *Inmate Grievance Response - Level I* and the original *Regular Grievance* 866_F1 to the inmate with a copy filed in the inmate's grievance record.

2. Regular Grievance Time Limits

a. The total time allowed from initiation of a complaint to resolution through the regular grievance process is 180 days including authorized continuances; see Attachment 3, *Grievance Process - Timetable*.

b. Within 30 days of issuance of the *Grievance Receipt,* each accepted grievance must be investigated, reviewed, completed, and the *Inmate Grievance Response - Level I* returned to the inmate unless a continuance is authorized. (§115.52[d (1)], §115.52[d (2)])

i. If the *Inmate Grievance Response- Level I* is not returned to the inmate within 30 days and an authorized continuance was not issued, the inmate can appeal to the Regional Ombudsman in writing including copies of the grievance receipt and other supporting documentation.

ii. Prior to appealing to the Regional Ombudsman, the inmate may contact the Institutional Ombudsman to ascertain the status of the grievance response and await disposition.

c. Authorized Continuances (§115.52[d (3)])

i. A grievance may be continued for up to a maximum of 30 days beyond the original 30-day time limit for response.

ii. If a grievance is continued, the Institutional Ombudsman must document the continuance in VACORIS on the *Grievance Continuance Receipt.*

iii. The *Grievance Continuance Receipt* must include a justifiable reason for the continuance and a new date of completion. Justifiable reasons for a continuance include:

(a) The principal(s) or key staff involved are unavailable to provide essential information due to an escape, a disturbance, or an emergency.

(b) Awaiting results from the Special Investigation Unit or information from other facilities, divisions, agencies, etc.

d. Prior to expiration of the original 30-day time limit, the Institutional Ombudsman must print the

VACORIS *Grievance Continuance Receipt* and deliver it to the inmate as notification of the continuance.

G. Withdrawing a Grievance

1. An inmate may voluntarily withdraw their *Regular Grievance* at any time by notifying the Institutional Ombudsman.
   a. To be valid, the *Withdrawal of Grievance* section of the *Regular Grievance* 866_F1 must be completed and signed by the inmate.
   b. The inmate's withdrawal requires that a staff witness be present and that the witness sign the *Regular Grievance*.
   c. The inmate must submit the withdrawn grievance to the Institutional Ombudsman.
   d. Resolvable grievances may not be withdrawn.
2. Once the grievance is withdrawn, the inmate may resubmit the grievance once on a new *Regular Grievance* 866_F1 as long the original 30-day time limit has not expired.

IV. The Grievance Appeal Process (5-ACI-3D-19; 4-ACRS-6B-03; 2-CI-5A-7)

A. Appealing the Grievance Response - The *Inmate Grievance Response - Level I* includes a section for the inmate to appeal their grievance response; see Attachment 4, *Filing an Appeal*.

1. Only the issue included in the *Regular Grievance* will be considered on appeal.
2. Inmates cannot appeal withdrawn grievances.
3. Appeals not submitted in accordance with this operating procedure are returned to the inmate with specific reasons for the return.

B. Completing and Submitting an Appeal

1. If the inmate does not agree with the grievance response, disposition of the grievance, or the remedy, the inmate may submit an appeal. The inmate must include the following information in the designated area on the *Inmate Grievance Response - Level I*:
   a. An explanation of what is being appealed (the response, disposition, or remedy).
   b. An explanation of how the institution's determination does not address the issue.
   c. Suggest an appropriate remedy.
   d. Sign and date the appeal section on the *Inmate Grievance Response - Level I.*
2. The inmate must submit their appeal to the staff member designated on the *Inmate Grievance Response - Level I* within five days of receiving the response.
   a. Inmates are not required to pay the cost of postage and the use of bulk mail is encouraged.
   b. The appeal respondent must consider mail travel time before determining an appeal is late.
3. Expiration of a time limit (including authorized continuances) while the grievance is in staff possession qualifies the grievance for an appeal. (§115.52[d (4)])
   a. The Institutional Ombudsman must return the original grievance to the inmate and notify the inmate of the option to submit their appeal.
   b. The inmate has five days after receipt of the original grievance from the Institutional Ombudsman to file their appeal.

C. Reviewing and Responding to Grievance Appeals

1. The appeal respondent will be determined based on the subject matter of the grievance. The name and address of the appeal respondent will be provided on the *Inmate Grievance Response-Level I.*
   a. Grievances regarding actions or decisions of Offender Management Services (including Central Classification Services decisions, time computation, Court and Legal actions, detainers, etc.) and

issues concerning the Interstate Compact Agreement are reviewed and responded to by the Director of Offender Management Services.

b. Grievances regarding Health Services and Mental Health and Wellness Services procedures and issues of medical, dental, and mental health care are reviewed and responded to by the Health Services Director. (5-ACI-6C-01; 4-ACRS-4C-01)

c. Grievances regarding educational and vocational issues and procedures are reviewed and responded to by the Superintendent for Education or the Assistant Superintendent for Education Operations in the Superintendent's absence.

d. Grievances challenging the substance or interpretation of any DOC Operating Procedure, decisions of the Publication Review Committee, and decisions of the Faith Review Committee are reviewed and responded to by the Chief of Corrections Operations or designee. The Manager of the Ombudsman Services Unit investigates the grievance, as needed, and prepares a written response for the Chief of Corrections Operations or designee's signature.

e. Grievances on all other issues are forwarded to the appropriate Regional Office for review and response by the Regional Administrator. The Regional Ombudsman investigates the grievance, as needed, and prepares a written response for the Regional Administrator's signature.

2. Staff must complete the appeal and provide a response to the inmate within 20 days of receipt of the appeal. (§115.52[d (1)], §115.52[d (2)], (§115.52[d (3)]))

   a. An appeal may be continued for up to a maximum of 30 days beyond the original 20-day time limit for an authorized continuance. Any additional continuance must be submitted in writing to the Ombudsman Services Manager for approval by the Chief of Corrections Operations or designee prior to the continuance expiration date.

      i. The appeal respondent must document the continuance in VACORIS and set a new date of completion.

      ii. Prior to expiration of the original 20-day time limit, the respondent must print the VACORIS *Grievance Continuance Receipt* and deliver it to the inmate as notification of the continuance.

   b. If the *Inmate Grievance Response- Level II* is not returned to the inmate within 20 days and an authorized continuance is not issued, the inmate may then seek judicial relief.

   c. Prior to seeking judicial relief, the inmate may contact the Institutional Ombudsman to ascertain the status of the grievance response and await disposition.

3. The appeal respondent must choose one of the following actions based on the findings:

   a. Upheld – The grievance response, disposition, and/or remedy are correct and no further action by staff is required.

   b. Overturned – The grievance response, disposition, and/or remedy are in error, and further action by staff is required to resolve the grievance.

4. If the appeal respondent upholds the previous decision, the appeal response should indicate such finding.

5. If the grievance response, disposition, and/or remedy is overturned, the appeal response must indicate the results of any additional investigation, any action to be taken, and a specified time frame within which further action must occur.

6. The appeal respondent must forward the signed copy of the *Inmate Grievance Response - Level II* to the inmate with a copy provided to the Institutional Ombudsman to maintain in the inmate's grievance file at the institution.

D. Reviewing and Responding to Intake Appeals of an Intake Decision

1. If an inmate wishes to appeal the intake decision provided on their grievance, the inmate must submit the original *Regular Grievance* 866 _F1 to the Regional Ombudsman at the address posted on each housing unit's bulletin board within five days of receipt of the returned grievance.

2. The Regional Ombudsman must decide to either uphold or overturn the intake decision and must provide a written disposition to the inmate within five days of receipt.
3. The Regional Ombudsman must forward a copy of the intake appeal decision to the Institutional Ombudsman to maintain in the inmate's grievance file at the institution.
4. There is no further appeal of an intake decision following a Regional Ombudsman's disposition.

V. Judicial Relief

A. An inmate must exhaust all the requirements of the *Inmate Grievance Procedure* before the inmate can seek judicial relief.

B. The exhaustion requirement is met only when a *Regular Grievance* has been accepted into the grievance process and appealed without satisfactory resolution of the issue.

C. Once the inmate has met the exhaustion requirement, the appeal respondent must notify the inmate that all requirements have been exhausted.

VI. Inmate Limitation Decision as a Result of Abuse

A. All inmates should use the *Inmate Grievance Procedure* in good faith. Any inmate who abuses the *Inmate Grievance Procedure* can have their usage limited by the Facility Unit Head.

1. The Facility Unit Head must review an inmate's usage of the informal complaint and grievance processes, and/or the Grievance Hotline to determine if an inmate is abusing the *Inmate Grievance Procedure*.
2. If so determined, the Facility Unit Head may limit the inmate's usage of the Grievance Hotline, informal complaint and/or grievance process with the following restrictions:
   a. An inmate may be restricted to no less than one hotline call, one *Written Complaint* 866_F3 and/or one *Regular Grievance* 866_F1 per week.
   b. The Facility Unit Head should conduct a face-to-face interview with the inmate prior to issuing the limitation.
   c. Limitations cannot exceed 90 days (per occurrence).

B. The Facility Unit Head must notify the inmate in writing of the reason for the limitation, the number of hotline calls, *Written Complaints* and/or *Regular Grievances* to which the inmate is limited, the period of limitation, and the appeal process including the Regional Administrator address for submission.

1. A copy of the notice must be sent to the Regional Administrator.
2. All unlogged *Written Complaints* and *Regular Grievances* submitted by the inmate prior to the limitation must be returned to the inmate along with the written notification from the Facility Unit Head.
3. All future *Written Complaints* and *Regular Grievances* submitted that exceed the limitation should be returned to the inmate without a response.
4. All calls to the Grievance Hotline made by the inmate that exceed limitation will not be addressed.

C. The inmate may appeal the limitation decision and application to the Regional Administrator by submitting a letter with a copy of the limitation decision attached.

1. The inmate may not appeal the limitation decision via the *Inmate Grievance Procedure*.
2. The limitation remains in effect while the inmate appeals the decision.
3. The Regional Administrator has 30 days to provide a response.

D. If the inmate does not receive a response from the Regional Administrator within 30 days or is not satisfied with the Regional Administrator's decision, the inmate may submit a final appeal to the Chief of

Corrections Operations. The Chief of Corrections Operations has 20 days to provide a response.

VII. Emergency Grievance Process (§115.52[f (1)])

A. Requesting an Emergency Grievance

1. The emergency grievance process is for inmate reporting and expedited staff response to situations or conditions that may subject the inmate to an immediate risk of serious personal injury or irreparable harm.

2. The institution's *Implementation Memorandum* and the inmate orientation handbook must indicate how inmates can obtain and submit an *Emergency Grievance* 866_F4.

3. *Emergency Grievances* must be available on a 24-hour basis to all inmates regardless of their housing status.

B. Completing and Submitting an Emergency Grievance

To file an *Emergency Grievance*, the inmate must write their issue on the pre-printed multipart *Emergency Grievance* 866_F4 and submit the completed *Emergency Grievance* to staff.

C. Accepting Emergency Grievances

1. Staff must accept all *Emergency Grievances* 866_F4. The receiving staff member determines the appropriate course of action in accordance with the instructions for proper handling of *Emergency Grievances* provided in the institution's Implementation Memorandum.

2. When the *Emergency Grievance* must leave the presence of the inmate, staff must complete the receipt at the bottom of the *Emergency Grievance* and hand it directly to the inmate.

3. Staff must accept all inmate allegations of sexual abuse and sexual harassment submitted on an *Emergency Grievance* and must immediately report any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment to the Facility Unit Head and PREA Compliance Manager. (§115.51[c]) The PREA Compliance Manager must notify the Regional PREA Analyst.

D. Reviewing and Responding to an Emergency Grievance

1. Staff with appropriate training and the required authority to address inmate emergencies, and staff designated by Implementation Memorandum to respond to *Emergency Grievances* 866_F4 must review the issue, determine a course of action, and provide an appropriate response with reasons for the decision. (§115.52[f (2)])

   a. All *Emergency Grievances* regarding medical, mental health, and dental care must be forwarded to the Medical Department for review and response. (5-ACI-6C-01; 4-ACRS-4C-01)

   b. All *Emergency Grievances* alleging sexual abuse, sexual harassment or a substantial, imminent risk of sexual abuse must be forwarded to the Administrative Duty Officer or Shift Commander.

2. If an emergency exists, the designated staff respondent must take necessary and timely action(s) to protect the inmate and resolve the emergency.

   a. The inmate must receive a response to their *Emergency Grievance* within eight hours of receipt, or less, to protect the inmate from serious personal injury or irreparable harm. (§115.52[f (2)])

   b. The staff respondent must include in their response the corrective or preventive action taken as a remedy and return the *Emergency Grievance* to the inmate.

   c. If the staff respondent cannot resolve the emergency, the respondent must contact appropriate staff for assistance.

   d. Staff should prioritize inmate emergencies based on the institution's ability and resources.

3. If there is no emergency, the designated staff respondent should so indicate and return the *Emergency Grievance* to the inmate.

4. The original *Emergency Grievance* with response must be sent to the inmate with a copy routed to the Institutional Ombudsman for filing in the inmate's grievance record.
5. Within two working days of issuing the response, all *Emergency Grievances* deemed an emergency must be logged into VACORIS. Grievances determined not to be an emergency are not logged.

VIII. Grievance Hotline

A. A grievance hotline (#70) is available to inmates for the exclusive use of leaving a voicemail to notify the Ombudsman Services Unit that they need an *Emergency Grievance*, *Written Complaint*, *Regular Grievance*, or copy of a *Grievance Receipt*.

1. All other grievance issues must be addressed through the inmate grievance process as outlined in this operating procedure.
2. Staff may charge an inmate for misuse of or leaving false information on the hotline; see Operating Procedure 861.1, *Inmate Discipline*.
    a. Misuse may include but is not limited to leaving grievance complaints on the hotline and calling the hotline prior to requesting an *Emergency Grievance*, *Written Complaint*, *Regular Grievance*, or copy of a *Grievance Receipt* from building staff.
    b. Calling the grievance hotline alleging not to have received an *Emergency Grievance*, *Written Complaint*, *Regular Grievance*, or copy of a *Grievance Receipt* when staff documentation proves otherwise may constitute leaving false information on the hotline.

B. The Ombudsman Services Unit has three business days to retrieve the voicemail and send notification to staff at the appropriate institution.

C. Staff have three business days from receipt of notification from the Ombudsman Services Unit to provide the inmate with the requested document and respond to the Ombudsman Services Unit regarding the action taken.

1. Inmates must sign the *Grievance Hotline Acknowledgement Receipt* 866_F5 indicating they received the document(s) requested. Staff providing the form must also sign as a witness.
2. If the inmate refuses to sign the *Grievance Hotline Acknowledgement Receipt* 866_F5, staff will document the inmate's refusal.
3. Body cameras may be used in addition to the *Grievance Hotline Acknowledgement Receipt* 866_F5 to document an inmate's receipt of an *Emergency Grievance*, *Written Complaint*, *Regular Grievance*, or copy of a *Grievance Receipt*.
4. Staff must upload the completed *Grievance Hotline Acknowledgement Receipt* 866_F5 as an external document in the inmate's VACORIS record.

D. If an inmate does not receive a response to their request within six business days, the inmate may leave another voicemail regarding the same request.

E. Failure of an inmate to include their state number may result in the staff's inability to respond despite reasonable efforts.

F. The hotline may not be accessible to inmates during lockdowns or in other circumstances in which inmates are confined to their cells for an extended period.

IX. Administration, Operation, and Enforcement of the Grievance Procedure

A. Operating Procedure Compliance

1. Institutions must maintain an Implementation Memorandum written in accordance with Operating Procedure 010.4, *Operating Procedure Management,* to provide institution-specific information, designate staff responsibilities, and establish institutional processes outlined in this operating procedure.

2. The institution's Implementation Memorandum must comply with the requirements of this operating procedure.
   a. Each institution's Implementation Memorandum must include a list of best practices that ensures inmates have meaningful access to the verbal complaint process i.e., staff rounds.
   b. The Implementation Memorandum must specify the following:
      i. How and to whom to submit a verbal complaint.
      ii. Where inmates can obtain *Written Complaints* 866_F3*, Regular Grievances* 866_F1*,* and *Emergency Grievances* 866_F4.
      iii. How and where, i.e., the designated location, to submit *Written Complaints* and *Regular Grievances.*
      iv. Staff position(s) designated to log *Written Complaints.*
      v. Staff positions responsible for responding to *Written Complaints* and *Regular Grievances*
      vi. The time frame allowed for staff responses at each level of the informal complaint, grievance, and emergency grievance process.
   c. The institution's Implementation Memorandum must ensure that: (§115.52[c (1)], (§115.52[c (2)])
      i. Any inmate who alleges sexual abuse or sexual harassment can submit their complaint without submitting it to the staff member who is the subject of the complaint.
      ii. Such complaint must not be referred to the staff member who is the subject of the complaint.
   d. The institution's Implementation Memorandum must provide instructions for the proper handling of *Emergency Grievances*, including designation of staff persons responsible for receiving and responding to *Emergency Grievances*.

B. Communication of Procedures (5-ACI-6A-01; 2-CO-3C-01)

1. At the time of admission/intake into the DOC, all inmates are informed about the procedures for submitting grievances and are provided a copy of Attachment 5, *Inmate Grievance Procedure Notification*.
2. During formal orientation at each institution, all staff and inmates receive information on the *Inmate Grievance Procedure*, which is available within the institution for staff and inmate review. (5-ACI-3D-19; 4-ACRS-6B-03; 2-CI-5A-7)
3. Inmates with special needs (e.g., visually or hearing impaired, non-English speaking, non-literate) should be identified and the Institutional Ombudsman notified so that necessary services can be obtained prior to the institution's formal orientation.

C. Accessibility and Retaliation

1. Each inmate is entitled to good faith use of the *Inmate Grievance Procedure*.
2. Inmates and staff must be free from retaliation for filing verbal complaints, *Written Complaints*, *Grievances*, appeals, or utilizing any other aspect of the *Inmate Grievance Procedure* in good faith.
   a. An inmate may pursue a complaint of retaliation through the *Inmate Grievance Procedure,* including claims that staff are filing disciplinary offense reports in retaliation.
   b. Allegations by staff of retaliation should be reported through their chain-of-command.
3. Any or all portions of the *Inmate Grievance Procedure* may be suspended temporarily by the Facility Unit Head during emergency situations with the approval of both the Regional Operations Chief and the Chief of Corrections Operations. The processing of complaints and grievances must resume in a timely manner once order has been restored.

D. Records

1. The Institutional Ombudsman must maintain records of all complaints, regular and emergency grievances, appeal responses, and all associated investigative documentation submitted at the institution, both logged and un-logged.

a. VACORIS should contain the official information of all logged grievances at each level of review.

b. The Institutional Ombudsman should scan and upload all grievance documents when:

i. The inmate is known to be litigious.

ii. The inmate has previously gone to court on a grievance issue and it seems likely the inmate intends to go to court over this issue.

iii. The inmate has indicated they intend to seek judicial relief for the issue.

iv. The grievance pertains to an issue that is serious and likely litigious, e.g., violation of an inmate's right to practice their religion. The Institutional Ombudsman should use discretion in determining whether the issue is sufficiently serious to warrant uploading to VACORIS.

v. Per Facility Unit Head instructions.

c. Grievances concerning matters known to be currently litigated or under investigation must be maintained until completion of the litigation or investigation.

d. Grievance records are maintained and disposed of in accordance with Operating Procedure 025.3, *Public Records Retention and Disposition*.

2. Information on specific inmate grievances is available to staff on a need-to-know basis, as determined by the Facility Unit Head.

E. Monitoring and Evaluation

1. Each institution must have an Institutional Ombudsman and a designated alternate to ensure compliance with the *Inmate Grievance Procedure*. The Facility Unit Head must notify the Ombudsman Services Manager if an Institutional Ombudsman is out on extended leave or if the position is vacant and identify a temporary replacement.

2. The Institutional Ombudsman's responsibilities include coordinating the day-to-day operation of the grievance process, maintaining accurate and current inmate grievance files, logging content into VACORIS, investigating grievances, preparing responses to grievances, and conducting inmate grievance orientation. The staff member designated as the alternate must assume these duties all or in part in the absence of the Institutional Ombudsman or as needed to meet deadlines.

3. An Institutional Hearings Officer may not serve as an Institutional Ombudsman unless specially approved by the Chief of Corrections Operations.

4. The Institutional Ombudsman must monitor compliance with the *Inmate Grievance Procedure* at the institutional level and refer departments and/or staff not in compliance to the Facility Unit Head.

5. The Ombudsman Services Unit must monitor the *Inmate Grievance Procedure* at Headquarters and the regional office level through institutional visits, *Monthly Grievance Report* 866_F2 reviews, and VACORIS monitoring. (4-ACRS-6B-03)

a. The Ombudsman Services Unit may inquire and request documentation from staff regarding *Written Complaints,* Level I and Level II responses, and Intake and Intake Appeal decisions for clarity and to ensure compliance.

b. Departments and/or staff not in compliance must be referred to the Facility Unit Head.

F. Disciplinary Action

1. An inmate's use of the grievance procedure to resolve their issues is not normally cause for disciplinary action, unless the written grievance document or related inmate actions are subject to disciplinary action as outlined in Operating Procedure 861.1, *Inmate Discipline.*

a. Disciplinary action may include but is not limited to staff submission of a 222a, 222b, 228, 129, 141, *Disciplinary Offense Report*

b. Disciplinary action may be brought against an inmate for filing a grievance related to alleged sexual abuse only where the institution demonstrates that the offender filed the grievance in bad faith. (§115.52[g])

2. The Institutional Ombudsman will submit a *Disciplinary Offense Report* in VACORIS for processing in accordance with the inmate disciplinary process.

## REFERENCES

Operating Procedure 010.4, *Operating Procedure Management*

Operating Procedure 025.3, *Public Records Retention and Disposition*

Operating Procedure 030.1, *Evidence Collection and Preservation*

Operating Procedure 801.3, *Managing Inmates and Probationers/Parolees with Disabilities*

Operating Procedure 841.4, *Restorative Housing Units*

Operating Procedure 861.1, *Inmate Discipline*

## ATTACHMENTS

Attachment 1, *Inmate Complaint, Grievance, and Emergency Grievance Process Overview*

Attachment 2, *Filing a Regular Grievance*

Attachment 3, *Grievance Process - Timetable*

Attachment 4, *Filing an Appeal*

Attachment 5, *Inmate Grievance Procedure Notification*

## FORM CITATIONS

*Facility Request* 801_F3

*Regular Grievance* 866_F1

*Monthly Grievance Report* 866_F2

*Written Complaint* 866_F3

*Emergency Grievance* 866_F4

*Grievance Hotline Acknowledgement Receipt* 866_F5

*Inmate Grievance Procedure Receipt* 866_F6 (added 8/1/24)

VIRGINIA
DEPARTMENT OF CORRECTIONS

Written Complaint 866_F3 6-21

## Written Complaint

**Instructions for filing:**

- You should first use the verbal complaint process and discuss your issue with staff before submitting this *Written Complaint*.
- You must explain your issue in the space provided below, preferably in ink.
- You must fill your *Written Complaint* form out completely and correctly.
- Your *Written Complaint* must be received within 15 days of the original incident or discovery of the incident.
- You are limited to only one issue per *Written Complaint*.
- You may file a *Regular Grievance* if you do not receive a response within 15 days.
- You are not required to submit a *Written Complaint* for alleged incidents of sexual abuse and sexual harassment or when the informal complaint process is satisfied by other documentation.

Me'Shaun Crocker — 1441347 — B401
Offender Name — Offender Number — Housing Assignment

Myself + Co Potter — 8-6-24 4:18 pm
Individuals Involved in Incident — Date/ Time of Incident

**TO:** Grievance Coordinator
**(You must address your issue to institutional staff or an institutional department)**

**In the space provided explain your issue (be specific):**

You can clearly see on camera that my cell window was covered. This was due to the fact that I was having a bowel movement and I tend to do so in the nude. There was a female officer in the booth so I didn't want to get a charge or be disrespectful. During this time Co Potter opened my slot, saw I was using the restroom in the nude to which he said "Let me see that dick". He closed my slot then left. I feel sexually harrassed by this officer. Nor do I feel safe with him around me or handling my food.

Offender Signature: Me'Shaun Crocker Date: 8-7-24

**Offenders - Do Not Write Below This Line**

**Date Received:** 8/12/24 **Response Due:** 8/27/24 **Log Number:** ROSP-24-WR1-04666

**Assigned to:** Intel

**Action Taken/Response:**

An Investigation will be conducted into your alegation — TD

ROSP
Intel Dept

T. Deel (signature) — T. Deel / Intel — 8/19/24
Respondent Signature — Printed Name and Title — Date

**Withdrawal of Complaint:**

I wish to voluntarily withdraw this complaint. I understand that by withdrawing this written complaint, there will be no further action on this issue nor will I receive a response to this complaint. I understand that I may resubmit this same issue once and only once on a new *Written Complaint* as long as the original 15-day time limit has not expired.

**Offender Signature:** **Date:**

**Staff Witness:** **Date:**



**ENCLOSURE B**

VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

# Regular Grievance

**Log Number:** ______________

**Instructions for Filing:**

- You must first attempt to resolve your issue through the informal complaint process prior to filing a *Regular Grievance*.
- You must attach the *Written Complaint* or other documentation used to satisfy the informal complaint process.
- Your grievance must be received within 30 days from the date of the original incident or discovery of the incident unless a more restrictive time limit applies.
- Your *Regular Grievance* must be complete and accurate.
- You must explain your issue and how you were personally affected in the space provided, preferably in ink.
- You must avoid the reasons for rejection at intake. If your grievance is rejected, you have 5 days to appeal.
- When multiple issues are submitted on the same grievance, you will only receive a response to the issue addressed through the informal complaint process. All other issues will be forwarded to appropriate staff for investigation and resolution.

Crocker, Me'Shaun — 1441347 — B405
**Inmate Name (Last Name, First)** **Inmate Number** **Housing Assignment**

Myself & Officer Potter — B401 8/6/24 4:18pm
**Individuals Involved in Incident:** **Date/ Time of Incident**

**Results of the Informal Complaint Process** (Select one)

☐ *Written Complaint #* ______________ on this issue attached.
☐ Other documentation used to satisfy the informal complaint process is attached.
☐ Informal complaint process is not required for this issue.

**Explain Your Issue:** (Provide a detailed explanation of the issue, your attempts to resolve the issue and how you were personally affected.)

On the above mentioned I covered my window to have a bowel movement. Officer Potter opened my tray slot saw I was nude referenced my penis, closed the slot, and left laughing which I could hear. The reference was "let me see that lil dick". This is sexual harassment according to PREA 038.3 and voyeurism. This is not proper DOC procedure or policy in this situation, I was located in cell B401. This is retaliation from Major Hall. What he did is not apart of policy.
PREA Complaint
He was supposed to call his supervisor

**Suggested Remedy:** (In the space below, identify the action you would like taken.)

I would like to be sent to a protective custody program outside of Red Onion State Prison. I would like to speak wit SIU

Me'Shaun Crocker — 2/11/2025
**Inmate Signature** **Date**

VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

**Intake Decision:** (Grievances must be accepted and logged into VACORIS unless returned for the following reason(s).)

☐ **Non-Grievable:**
- ☐ Disciplinary hearing decisions, penalties, and/or procedural errors
- ☐ Regular Grievance Intake Decisions
- ☐ Limitation Decisions
- ☐ State and Federal laws, regulations, and court decisions
- ☐ Policies, procedures, and decisions of other agencies
- ☐ Issues yet to occur
- ☐ Beyond the control of the Department of Corrections

☐ **Personally Affected:** You must identify how the issue caused personal harm or loss to you.

☐ **Limited:** You have been limited by the Facility Unit Head and this grievance is in excess of your limit.

☐ **Expired Filing Period:** You must submit your grievance within 30 days of the date of the original incident or discovery of the incident unless the reason for delay was beyond your control, you have not been provided formal orientation, or a more restrictive time limit has been established to prevent loss of remedy or the issue becoming moot.

☐ **Repetitive:** You submitted this issue previously on *Regular Grievance #*

☐ **Group Complaints or Petitions:** You must submit a grievance on your own behalf. You cannot file a grievance with a group.

☐ **Photocopy/Carbon Copy:** You did not submit the original grievance documents.

☒ **Informal Complaint Process:** You failed to use the informal complaint process and must submit a *Written Complaint* on this issue, or your issue submitted on this grievance is not the same issue addressed in your *Written Complaint* or supporting documentation, or you failed to use the informal complaint process. You must first submit a *Written Complaint* on this issue.

☐ **Insufficient Information:** (Not to include Medical, Sexual Abuse, and Sexual Assault). You must provide the following information within 5 days before the grievance can be processed: ______

☐ **Request for Services (Explain how issue should be addressed):**

[signature] RECEIVED FEB 2 4 2025 Grievance Dept.

**Institutional Ombudsman Signature** **Date** 2/24/25

**Appeal of Intake Decision**

(If you disagree with the intake decision, you have 5 days from date of receipt to submit this grievance for further review by the Regional Ombudsman.)

**Regional Review of Intake Decision:** The Regional Ombudsman's decision is final.

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1, *Inmate Grievance Procedure.* |
| ☐ | The intake decision is being overturned and the grievance is being returned to the Facility Unit Head for response. |
| ☐ | The intake decision is being returned to you because the 5-day time limit for review has been exceeded. |

**Regional Ombudsman Signature** **Date**

**Withdrawal of Grievance:**

I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance there will be no further action on this issue and I will not receive a response to this grievance. I understand that I may resubmit this same issue once on a new *Regular Grievance* if the original 30-day time limit has not expired.

**Inmate Signature:** ______ **Date:** ______

**Staff Witness:** ______ **Date:** ______



D-625

Virginia Department of Corrections

# Offender Grievance Response - Level II

DOC Location:
Report generated by Meade, C
Report run on 01/08/2025 at 03:07 PM

**Offender Name:** Crocker, Meshaun S
**Current Location:** Red Onion State Prison
**Filed:** Red Onion State Prison
**Finding:** Other
**Grievance Number:** ROSP-24-REG-00895

**DOC #**1441347
**Housing:** B-5-513-B

**Finding Reason:** Pending Investigation (PREA)
**Written Grievance Number:**

LEVEL II: (To be completed and mailed within 20 calendar days)

**LEVEL II Response :**

Your grievance appeal has been reviewed along with the response from the Level I respondent and your original complaint.

Based on the information provided, I am upholding the decision of the Level I respondent, which has determined that you alleged an act of PREA. Your complaint is being investigated by the Investigation Unit. You will be informed of the outcome of the investigation once it is complete.

In accordance with Operating Procedure 866.1, Offender Grievance Procedure, this is your **last level** of appeal. You have exhausted all administrative remedies.

| Regional Administrator | Date |
| --- | --- |
| Thomas Meyer RA/MB | 1/16/2025 |

Received from
JAN 17 2025
Regional Office



ENCLOSURE C

Virginia Department of Corrections

**Offender Grievance Response** ... **'el I**

DOC Location: ROSP Red Onion State Prison
Report generated by Still, T
Report run on 12/31/2024 at 03:42 PM

**Offender Name:** Crocker, Meshaun S — **C #1441347**

**Current Location:** Red Onion State Prison — **Housing:** B-4-420-B

**Filed:** Red Onion State Prison

**Finding:** Other — **Finding Reason:** Pending Investigation (PREA)

**Grievance Number:** ROSP-24-REG-00895 — **Written Grievance Number:**

LEVEL I: Level 1 Response (To be completed and mailed within 30 calendar days)

**Grievance Summary:** In your grievance, you alleged an act of PREA.

**Informal Summary:** Not Required.

**Investigation**: The Grievance Office confirmed that your allegation was received by the Investigation Unit on 12/9/2024. You will receive notification of the finding(s) upon the completion of the investigation. Should you have any further questions or concerns you must direct them to the PREA Investigator or PREA Compliance Manager. No further actions can be taken through the Grievance Procedure concerning your PREA complaint. Your claims will continue to be investigated through the Investigation Unit.

**Procedure/Practice: Operating Procedure: 038.3 PREA** govern this issue.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Regional Admin. 3313 Plantation Road NE, Roanoke, VA 24012

[signature] — Level I Respondent Signature — Date 1-2-25

I wish to appeal the Level I response because: The investigation was not properly conducted. There is no way investigators looked at body camera footage or pod footage. The PREA COMPLIANCE Manager nor investigators contacted SIU agents to make sure proper protocol was followed nor did a SIU agent speak with me. I was non-combative their is nothing that gives a officer the right to tear my underwear.

Offender Signature [signature] — Date 1.3.25

Received from JAN 27 2025 Regional Office

RECEIVED OMBUDSMAN JAN 8 2025 SERVICE UNIT WESTERN REGION

VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

## Regular Grievance

Log Number: ROSP-24-Reg-00895

**Instructions for Filing**:

- You must first attempt to resolve your issue through the informal complaint process prior to filing a *Regular Grievance*.
- You must attach the *Written Complaint* or other documentation used to satisfy the informal complaint process.
- Your grievance must be received within 30 days from the date of the original incident or discovery of the incident unless a more restrictive time limit applies.
- Your *Regular Grievance* must be complete and accurate.
- You must explain your issue and how you were personally affected in the space provided, preferably in ink.
- You must avoid the reasons for rejection at intake. If your grievance is rejected, you have 5 days to appeal.
- When multiple issues are submitted on the same grievance, you will only receive a response to the issue addressed through the informal complaint process. All other issues will be forwarded to appropriate staff for investigation and resolution.

**Inmate Name (Last Name, First)**: Crocker, Me'Shaun
**Inmate Number**: 1441347
**Housing Assignment**: D628

**Individuals Involved in Incident:** Myself + Officers Mays, Other Staff
**Date/ Time of Incident**: 12-2-24

**Results of the Informal Complaint Process** (Select one)

- ☐ *Written Complaint #* ______ on this issue attached.
- ☐ Other documentation used to satisfy the informal complaint process is attached.
- ☑ Informal complaint process is not required for this issue.

**Explain Your Issue:** (Provide a detailed explanation of the issue, your attempts to resolve the issue and how you were personally affected.)

PREA Complaint: During being placed on suicide watch, my last one in B building. While handcuffed, shackled at ankles, and held in place by staff. Corrections officer Mays tore my boxers off my body. All while officers watched. I thought I was going to be sexually assaulted by him + officers. This violates my US constitutional rights. I was in fear for my life and safety. This was retaliation against me for filing prea against his "Buddy" officer Potter. I have been traumatized by these sexual abuses which have caused my multiple suicide watches.

**Suggested Remedy:** (In the space below, identify the action you would like taken.)

I would like a restraining order. And a transfer to a institution where I will be safe and equally protected.

Received from Regional Office JAN 17 2025

RECEIVED OMBUDSMAN JAN 28 2025 WESTERN SERVICE UNIT

**Inmate Signature**: Me'Shaun Crocker
**Date**: 12-2-24

VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

**Intake Decision:** (Grievances must be accepted and logged into VACORIS unless returned for the following reason(s).)

- ☐ **Non-Grievable:**
  - ☐ Disciplinary hearing decisions, penalties, and/or procedural errors
  - ☐ Regular Grievance Intake Decisions
  - ☐ Limitation Decisions
  - ☐ State and Federal laws, regulations, and court decisions
  - ☐ Policies, procedures, and decisions of other agencies
  - ☐ Issues yet to occur
  - ☐ Beyond the control of the Department of Corrections
- ☐ **Personally Affected:** You must identify how the issue caused personal harm or loss to you.
- ☐ **Limited:** You have been limited by the Facility Unit Head and this grievance is in excess of your limit.
- ☐ **Expired Filing Period:** You must submit your grievance within 30 days of the date of the original incident or discovery of the incident unless the reason for delay was beyond your control, you have not been provided formal orientation, or a more restrictive time limit has been established to prevent loss of remedy or the issue becoming moot.
- ☐ **Repetitive:** You submitted this issue previously on *Regular Grievance #*
- ☐ **Group Complaints or Petitions:** You must submit a grievance on your own behalf. You cannot file a grievance with a group.
- ☐ **Photocopy/Carbon Copy:** You did not submit the original grievance documents.
- ☐ **Informal Complaint Process:** You failed to use the informal complaint process and must submit a *Written Complaint* on this issue, or your issue submitted on this grievance is not the same issue addressed in your *Written Complaint* or supporting documentation, or you failed to use the informal complaint process. You must first submit a *Written Complaint* on this issue.
- ☐ **Insufficient Information**: (Not to include Medical, Sexual Abuse, and Sexual Assault). You must provide the following information within 5 days before the grievance can be processed: ______________________
- ☐ **Request for Services (Explain how issue should be addressed):**

**Institutional Ombudsman Signature** **Date**

## Appeal of Intake Decision

(If you disagree with the intake decision, you have 5 days from date of receipt to submit this grievance for further review by the Regional Ombudsman.)

**Regional Review of Intake Decision:** The Regional Ombudsman's decision is final.

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1, *Inmate Grievance Procedure.* |
| ☐ | The intake decision is being overturned and the grievance is being returned to the Facility Unit Head for response. |
| ☐ | The intake decision is being returned to you because the 5-day time limit for review has been exceeded. |

**Regional Ombudsman Signature** **Date**

## Withdrawal of Grievance:

I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance there will be no further action on this issue and I will not receive a response to this grievance. I understand that I may resubmit this same issue once on a new *Regular Grievance* if the original 30-day time limit has not expired.

**Inmate Signature:** ______________ **Date:** ________

**Staff Witness:** ______________ **Date:** ________

Virginia Department of Corrections

# Grievance Receipt

DOC Location: ROSP Red Onion State Prison
Report generated by Still, T
Report run on 12/09/2024 at 01:49 PM

Grievance Number: ROSP-24-REG-00895

Written Grievance Number:

Next Action Date: 01/08/2025 12:00 AM

| | | | |
|---|---|---|---|
| On this date: | 12/09/2024 | | I have received a statement from: |
| Crocker, Meshaun S | 1441347 | of | Red Onion State Prison<br>D-6-628-B |
| (Offender Name and DOC#) | | | (Filed Location and Housing) |
| Setting out the following complaint: | | | |
| Alleged Act of PREA | | | |
| | | | |
| (Signature) | | | (Title) |

Received from JAN 27 2025 Regional Office

RECEIVED OMBUDSMAN JAN 28 2025 SERVICE UNIT WESTERN REGION

Virginia Department of Corrections

# Offender Grievance Response - Level II

DOC Location:
Report generated by Meade, C
Report run on 12/23/2024 at 01:18 PM

**Offender Name:** Crocker, Meshaun S
**DOC #**1441347
**Current Location:** Red Onion State Prison
**Housing:** B-4-420-B
**Filed:** Red Onion State Prison
**Finding:** Other
**Finding Reason:** Pending Investigation (PREA)
**Grievance Number:** ROSP-24-REG-00845
**Written Grievance Number:**

LEVEL II: (To be completed and mailed within 20 calendar days)

**LEVEL II Response :**

Your grievance appeal has been reviewed along with the response from the Level I respondent and your original complaint.

Based on the information provided, I am upholding the decision of the Level I respondent, which has determined that you alleged an act of PREA. Your complaint is being investigated by the Investigation Unit. You will be informed of the outcome of the investigation once it is complete.

In accordance with Operating Procedure 866.1, Offender Grievance Procedure, this is your **last level** of appeal. You have exhausted all administrative remedies.

| Regional Administrator | Date |
|---|---|
| Thomas Meyer RA/MB | 1/16/2025 |

Received from
JAN 2 7 2025
Regional Office



ENCLOSURE D

Virginia Department of Corrections

# Offender Grievance Response - Level I

DOC Location: ROSP Red Onion State Prison
Report generated by Still, T
Report run on 12/09/2024 at 11:22 AM

| | |
|---|---|
| **Offender Name:** Crocker, Meshaun S | **DOC #**1441347 |
| **Current Location:** Red Onion State Prison | **Housing:** ~~D-6-628-B~~ |
| **Filed:** Red Onion State Prison | |
| **Finding:** Unfounded | **Finding Reason:** |
| **Grievance Number:** ROSP-24-REG-00845 | **Written Grievance Number:** |

LEVEL I: Level 1 Response (To be completed and mailed within 30 calendar days)

**Grievance Summary**: In your grievance, you alleged an act of PREA.

**Informal Summary**: Not Required.

**Investigation**: The Grievance Office confirmed that your allegation was received by the Investigation Unit on 11/14/24. You will receive notification of the finding(s) upon the completion of the investigation. Should you have any further questions or concerns you must direct them to the PREA Investigator or PREA Compliance Manager. No further actions can be taken through the Grievance Procedure concerning your PREA complaint. Your claims will continue to be investigated through the Investigation Unit.

**Procedure/Practice: Operating Procedure: 038.3 PREA** govern this issue.

If you are dissatisfied with the Level I response, you may appeal within 5 calendar days to:
Regional Admin. 3313 Plantation Road NE, Roanoke, VA 24012

[signature] David Anderson - Warden
Level I Respondent Signature

Date 12-12-24

I wish to appeal the Level I response because: This incident is on his body camera and the pod camera. I was already strip searched and deemed to have no weapons or pose any physical threat. I was hand cuffed and shackled wearing only boxers. This is all on a pod camera. How can you justify attacking me when the other two co's holding me didn't even attack me. They were or would have been the first ones in immediate danger. All this happened because he was staring at my penis and I tried to put it back in my boxers. He attacked me "OVER" my penis. This is Sexual Battery

Offender Signature [signature] Me'Shaun Crocker

Date 12/16/24

Received from
JAN 27 2025
Regional Office

RECEIVED
DEC 23 2024
OMBUDSMAN SERVICES UNIT
WESTERN REGION

VIRGINIA DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

# Regular Grievance

Log Number: ROSP-24-Reg-00845

**Instructions for Filing**:

- You must first attempt to resolve your issue through the informal complaint process prior to filing a *Regular Grievance*.
- You must attach the *Written Complaint* or other documentation used to satisfy the informal complaint process.
- Your grievance must be received within 30 days from the date of the original incident or discovery of the incident unless a more restrictive time limit applies.
- Your *Regular Grievance* must be complete and accurate.
- You must explain your issue and how you were personally affected in the space provided, preferably in ink.
- You must avoid the reasons for rejection at intake. If your grievance is rejected, you have 5 days to appeal.
- When multiple issues are submitted on the same grievance, you will only receive a response to the issue addressed through the informal complaint process. All other issues will be forwarded to appropriate staff for investigation and resolution.

Crocker, Me'Shaun — 1441347 — D628

**Inmate Name (Last Name, First)** **Inmate Number** **Housing Assignment**

Myself + Lt. Fleming — 11/09/24 /

**Individuals Involved in Incident:** **Date/ Time of Incident**

**Results of the Informal Complaint Process** (Select one)

☐ *Written Complaint #* ______________ on this issue attached.
☐ Other documentation used to satisfy the informal complaint process is attached.
☑ Informal complaint process is not required for this issue.

**Explain Your Issue:** (Provide a detailed explanation of the issue, your attempts to resolve the issue and how you were personally affected.)

During an incident when I was placed on strip cell. I was standing outside my cell with 2 officers hand cuffed and shackled. When my penis came out my boxers and I was physically attacked by Lt. Fleming. He saw my penis and wouldn't let me fix the malfunction. He used resistence as a pretense for this sexuall assault. This is sexuall assault, sexuall abuse, and staff misconduct. It causes me to be afraid to ask for mental help. I'm afraid for my life and safety. I dont know if I will be attacked again. This was all on his body camera. He turned to the side to change the view. I was not charged with a 201A.

**Suggested Remedy:** (In the space below, identify the action you would like taken.)

This is a Category 3 offense he should be fired. I want $1,200,000. I want an immediate transfer out of this region. And I want criminal charges and restraining order against this man.

Me'Shaun Crocker — 11/09/24

**Inmate Signature** **Date**

Received from JAN 27 2025

RECEIVED OMBUDSMAN SERVICES UNIT WESTERN REGION DEC 23 2024

VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

**Intake Decision:** (Grievances must be accepted and logged into VACORIS unless returned for the following reason(s).)

☐ **Non-Grievable:**
- ☐ Disciplinary hearing decisions, penalties, and/or procedural errors
- ☐ Regular Grievance Intake Decisions
- ☐ Limitation Decisions
- ☐ State and Federal laws, regulations, and court decisions
- ☐ Policies, procedures, and decisions of other agencies
- ☐ Issues yet to occur
- ☐ Beyond the control of the Department of Corrections

☐ **Personally Affected:** You must identify how the issue caused personal harm or loss to you.

☐ **Limited:** You have been limited by the Facility Unit Head and this grievance is in excess of your limit.

☐ **Expired Filing Period:** You must submit your grievance within 30 days of the date of the original incident or discovery of the incident unless the reason for delay was beyond your control, you have not been provided formal orientation, or a more restrictive time limit has been established to prevent loss of remedy or the issue becoming moot.

☐ **Repetitive:** You submitted this issue previously on *Regular Grievance #*

☐ **Group Complaints or Petitions:** You must submit a grievance on your own behalf. You cannot file a grievance with a group.

☐ **Photocopy/Carbon Copy:** You did not submit the original grievance documents.

☐ **Informal Complaint Process:** You failed to use the informal complaint process and must submit a *Written Complaint* on this issue, or your issue submitted on this grievance is not the same issue addressed in your *Written Complaint* or supporting documentation, or you failed to use the informal complaint process. You must first submit a *Written Complaint* on this issue.

☐ **Insufficient Information:** (Not to include Medical, Sexual Abuse, and Sexual Assault). You must provide the following information within 5 days before the grievance can be processed: ______

☐ **Request for Services (Explain how issue should be addressed):**

**Institutional Ombudsman Signature** **Date**

## Appeal of Intake Decision

(If you disagree with the intake decision, you have 5 days from date of receipt to submit this grievance for further review by the Regional Ombudsman.)

**Regional Review of Intake Decision:** The Regional Ombudsman's decision is final.

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1, *Inmate Grievance Procedure*. |
| ☐ | The intake decision is being overturned and the grievance is being returned to the Facility Unit Head for response. |
| ☐ | The intake decision is being returned to you because the 5-day time limit for review has been exceeded. |

**Regional Ombudsman Signature** **Date**

**Withdrawal of Grievance:**

~~I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance there will be no further action on this~~ issue and I will not receive a response to this grievance. I understand that I may resubmit this same issue once on a new *Regular Grievance* if the original 30-day time limit has not expired.

**Inmate Signature:** ______ **Date:** ______

**Staff Witness:** ______ **Date:** ______



07481

# Regular Grievance

Log Number: ______

**Instructions for Filing:**

- You must first attempt to resolve your issue through the informal complaint process prior to filing a *Regular Grievance*.
- You must attach the *Written Complaint* or other documentation used to satisfy the informal complaint process.
- Your grievance must be received within 30 days from the date of the original incident or discovery of the incident unless a more restrictive time limit applies.
- Your *Regular Grievance* must be complete and accurate.
- You must explain your issue and how you were personally affected in the space provided, preferably in ink.
- You must avoid the reasons for rejection at intake. If your grievance is rejected, you have 5 days to appeal.
- When multiple issues are submitted on the same grievance, you will only receive a response to the issue addressed through the informal complaint process. All other issues will be forwarded to appropriate staff for investigation and resolution.

Crocker, Me'Shaun — **Inmate Name (Last Name, First)**
1441347 — **Inmate Number**
D628 — **Housing Assignment**

Myself + ROSP Staff — **Individuals Involved in Incident:**
11/18/24 / — **Date/ Time of Incident**

**Results of the Informal Complaint Process** (Select one)

- [x] *Written Complaint #* ROSP-24-REG-00845 on this issue attached.
- [ ] Other documentation used to satisfy the informal complaint process is attached.
- [ ] Informal complaint process is not required for this issue.

**Explain Your Issue:** (Provide a detailed explanation of the issue, your attempts to resolve the issue and how you were personally affected.)

I would like to know what is being done about this PREA complaint? What is the course of action. I am terrified. I have nightmares, I cant eat. Im losing so much weight. Im afraid to speak with mental health because I was attacked before for doing so. I dont know what to do. This has caused me pain and suffering.

**Suggested Remedy:** (In the space below, identify the action you would like taken.)

I would like perpatrator(s) terminated.
I would like restraining orders and to speak with a magistrate.
I would like a transfer to a facility where I am safe.
I want $2,000,000 added to my trust account

Me'Shaun Crocker — **Inmate Signature**
11/18/24 — **Date**

VIRGINIA
DEPARTMENT OF CORRECTIONS

**Regular Grievance** 866_F1_4-24

**Intake Decision:** (Grievances must be accepted and logged into VACORIS unless returned for the following reason(s).)

- ☐ **Non-Grievable:**
  - ☐ Disciplinary hearing decisions, penalties, and/or procedural errors
  - ☐ Regular Grievance Intake Decisions
  - ☐ Limitation Decisions
  - ☐ State and Federal laws, regulations, and court decisions
  - ☐ Policies, procedures, and decisions of other agencies
  - ☐ Issues yet to occur
  - ☐ Beyond the control of the Department of Corrections
- ☐ **Personally Affected:** You must identify how the issue caused personal harm or loss to you.
- ☐ **Limited:** You have been limited by the Facility Unit Head and this grievance is in excess of your limit.
- ☐ **Expired Filing Period:** You must submit your grievance within 30 days of the date of the original incident or discovery of the incident unless the reason for delay was beyond your control, you have not been provided formal orientation, or a more restrictive time limit has been established to prevent loss of remedy or the issue becoming moot.
- ☒ **Repetitive:** You submitted this issue previously on *Regular Grievance #* Re: ROSP-24-Reg-00845, Next Action Date 12/19/24
- ☐ **Group Complaints or Petitions:** You must submit a grievance on your own behalf. You cannot file a grievance with a group.
- ☐ **Photocopy/Carbon Copy:** You did not submit the original grievance documents.
- ☒ **Informal Complaint Process:** You failed to use the informal complaint process and must submit a *Written Complaint* on this issue, or your issue submitted on this grievance is not the same issue addressed in your *Written Complaint* or supporting documentation, or you failed to use the informal complaint process. You must first submit a *Written Complaint* on this issue.
- ☐ **Insufficient Information**: (Not to include Medical, Sexual Abuse, and Sexual Assault). You must provide the following information within 5 days before the grievance can be processed: ______
- ☐ **Request for Services (Explain how issue should be addressed):**

RECEIVED
NOV 20 2024
Grievance Dept

**Institutional Ombudsman Signature** [signature] **Date** 11/20/24

**Appeal of Intake Decision**

(If you disagree with the intake decision, you have 5 days from date of receipt to submit this grievance for further review by the Regional Ombudsman.)

**Regional Review of Intake Decision:** The Regional Ombudsman's decision is final.

| | |
|---|---|
| ☐ | The intake decision is being upheld in accordance with Operating Procedure 866.1, *Inmate Grievance Procedure*. |
| ☐ | The intake decision is being overturned and the grievance is being returned to the Facility Unit Head for response. |
| ☐ | The intake decision is being returned to you because the 5-day time limit for review has been exceeded. |

**Regional Ombudsman Signature** ______ **Date** ______

**Withdrawal of Grievance:**

I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance there will be no further action on this issue and I will not receive a response to this grievance. I understand that I may resubmit this same issue once on a new *Regular Grievance* if the original 30-day time limit has not expired.

**Inmate Signature:** ______ **Date:** ______

**Staff Witness:** ______ **Date:** ______

Virginia Department of Corrections

# Grievance Receipt

DOC Location: ROSP Red Onion State Prison
Report generated by Still, T
Report run on 11/14/2024 at 10:05 AM

Grievance Number: ROSP-24-REG-00845

Written Grievance Number:

Next Action Date: 12/14/2024 12:00 AM

| | | | |
|---|---|---|---|
| On this date: | 11/14/2024 | | I have received a statement from: |
| Crocker, Meshaun S | 1441347 | of | Red Onion State Prison<br>D-6-628-B |
| *(Offender Name and DOC#)* | | | *(Filed Location and Housing)* |
| Setting out the following complaint: | | | |
| Alleged Act of PREA | | | |
| T Still | | | GC |
| *(Signature)* | | | *(Title)* |