IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Me'Shaun Crocker,

    Plaintiff(s)/Petitioner(s),

v.                                                                                                                  Case No.:  7:24cv910

Hall et al,

    Defendant(s)/Respondent(s).

## NOTICE

On January 22, 2026, Defendant(s) filed a Motion to Dismiss and/or Motion for Summary Judgment in this case. Docket No(s). 40. The purpose of this notice is to advise Plaintiff(s) of his or her right to respond to and oppose the Motion in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Please carefully review this information when preparing your response.

## Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) provides that a Defendant(s) may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must plainly state a claim for relief on its face by providing factual content that allows the court to reasonably infer a Defendant(s) has committed the alleged conduct, the alleged conduct supports a viable claim, and the Defendant(s) could be held liable. In reviewing a motion to dismiss, the court will accept the facts as alleged in the complaint, construing them in the light most favorable to the Plaintiff. However, the Plaintiff cannot offer unsupported conclusions or naked assertions. There must be a factual basis for the Plaintiff's claims.

If either Plaintiff or Defendant(s) submits information beyond the allegations in the complaint such as evidence, documents, or affidavits, the Court may construe the Motion as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.

## Motion for Summary Judgment

Pursuant to Fed.R.Civ.P. 56(a), summary judgment may be granted to the Plaintiff or the Defendant(s) if there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law. To determine whether a genuine issue of material fact exists, the court views the facts and makes all reasonable inferences in the light most favorable to the nonmoving party. If the court finds that no reasonable jury could find for the nonmoving party on the evidence before it, summary judgment will be granted to the moving party.

To survive summary judgment once the moving party files the motion and alleges the absence of a genuine issue of material fact, the nonmoving party must establish that there are specific material facts in dispute. The nonmoving party must clearly identify which facts are disputed, setting forth his or her version of the facts with sufficient evidence. Such evidence may include court transcripts and exhibits, discovery materials, electronically stored information, notarized affidavits, declarations signed under penalty of perjury, or other admissible evidence. All affidavits, declarations, or other evidence the parties submit must be made in good faith and the facts sworn to in the affidavit or affirmed in the declaration must be true. If the court finds that a party has presented affidavits, declarations, or other evidence in bad faith or only to delay the action, the court may order sanctions, payment of fees, or hold that party in contempt of court. Because the court may consider any pleadings, discovery materials, and affidavits when determining summary judgment, the nonmoving party may request

discovery to oppose a motion for summary judgment. *See* Rule 56(d), allowing a nonmoving party to request discovery to help him or her present sufficient facts to oppose a summary judgment motion. If the nonmoving party fails to respond to the motion, the court may deem the facts set forth by the moving party to be undisputed.

**Response to Motion**

Plaintiff(s) has 28 days from the date of this Notice to file a response to the Motion. If no response is timely filed, the Court may decide the matter without further notice.

Issued and mailed January 23, 2026.

LAURA A. AUSTIN, CLERK

By:   s/ K.Saville
      Deputy Clerk
