IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

ME'SHAUN CROCKER,

   Plaintiff,

v.              CIVIL ACTION NO. 7:24cv910

MAJOR HALL, *et al.*,

   Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

  Defendants J. Hall, J. Jones, J. Fleming, J. Mays, and R. Potter, by counsel, hereby respond to the Plaintiff's Request for Production of Documents, ECF No. 27:

  **REQUEST NO. 1.** Bravo 4 pod camera 8/6/24 4:30 p.m.–4:50 p.m. B-401.

  **OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

  **RESPONSE:** Subject to and without waiving the above-stated Objection, there are no responsive records in the Defendants' possession, custody, or control.

  **REQUEST NO. 2.** Bravo 4 pod cameras 8/23/24 between 8 a.m.–11 a.m. 407–405.

  **OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

  **RESPONSE:** Subject to and without waiving the above-stated Objection, there are no responsive records in the Defendants' possession, custody, or control.

  **REQUEST NO. 3.** Lt. Jones Axon Body Worn Camera 8/23/24 8 a.m.–11 a.m. B-4.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, Defendants are investigating to determine if any responsive video exists. Any responsive video footage that is located will be made available for the Plaintiff's review.

**REQUEST NO. 4.** Lt. Fleming Axon Body Worn Camera 8/23/24 8 a.m.–11 a.m. B-4.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, Defendants are investigating to determine if any responsive video exists. Any responsive video footage that is located will be made available for the Plaintiff's review.

**REQUEST NO. 5.** Alpha 4 (418) pod camera 9/17/24 between 10 a.m.–12 p.m.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, responsive video will be made available for the Plaintiff's review.

**REQUEST NO. 6.** Lt. Fleming Axon Body Worn 9/17/24 between 10 a.m.–12 p.m.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, Defendants are investigating to determine if any responsive video exists. Any responsive video footage that is located will be made available for the Plaintiff's review.

**REQUEST NO. 7.** Alpha 4 pod camera 9/26/24 between 9 a.m.–12 p.m.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, there are no responsive records in the Defendants' possession, custody, or control.

**REQUEST NO. 8.** Lt. Meade Axon Body Worn Camera 9/26/24 9 a.m.–12 p.m. Alpha 4.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, Defendants are investigating to determine if any responsive video exists. Any responsive video footage that is located will be made available for the Plaintiff's review.

**REQUEST NO. 9.** Lt. Fleming Axon Body Worn Camera between 9 a.m.–12 p.m. Alpha 4.

**OBJECTION:** The Request is unduly vague, as it does not identify a date for the requested footage.

**RESPONSE:** Pursuant to the above-stated Objection, no response is provided.

**REQUEST NO. 10.** Delta 6 pod camera 12/9/24 between 9 a.m.–12 p.m.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, responsive video will be made available for the Plaintiff's review.

**REQUEST NO. 11.** Body Worn Camera Major Hall between 9 a.m.–12 p.m. 12/9/24.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, Defendants are investigating to determine if any responsive video exists. Any responsive video footage that is located will be made available for the Plaintiff's review.

**REQUEST NO. 12.** Lt. Jones Axon Body Worn between 9 a.m.–12 p.m. 12/9/24.

**OBJECTION:** The Request is overly broad to the extent that the time frame requested is not tailored to the alleged incident at issue.

**RESPONSE:** Subject to and without waiving the above-stated Objection, Defendants are investigating to determine if any responsive video exists. Any responsive video footage that is located will be made available for the Plaintiff's review.

**REQUEST NO. 13.** All disciplinary, incident reports, medical reports, for all the above-mentioned dates and times involving inmate Crocker #1441347.

**RESPONSE:** Plaintiff's medical records are provided as Bates Stamp pages 00044 through 00158. Disciplinary charge documentation for August 23, 2024 is provided as Bates Stamp pages 00001 through 00014. Disciplinary charge documentation for September 17, 2024 is provided as Bates Stamp pages 00015 through 00019. There are no other disciplinary records pertaining to the referenced dates. Incident report for August 23, 2024 is provided as Bates Stamp page 00020. Incident reports for September 17, 2024 are provided as Bates Stamp pages 00032 through 00043. Incident reports for December 9, 2024 are provided as Bates Stamp pages 00021 through 00031. There are no other incident reports pertaining to the referenced dates.

**REQUEST NO. 14.** VADOC policy for placing inmates on suicide watch.

**OBJECTION:** The policy is unduly vague, as it does not provide any specificity as to the records sought. Defendants further object to the Request as seeking security sensitive information to the extent it requests Operating Procedure 730.5, *Mental Health and Wellness Services: Behavior Management*, as this policy may not be made available to incarcerated inmates.

**RESPONSE:** Subject to and without waiving the above-stated Objection, a copy of Operating Procedure 730.5 will be made available for the Plaintiff to review, but the Plaintiff may not keep a copy.

<u>**REQUEST NO. 15.**</u> VADOC strip search policy.

**OBJECTION:** Defendants object to the Request as seeking security sensitive information. The requested policy, Operating Procedure 445.4, *Screenings and Searches of Persons*, may not be made available to incarcerated inmates or the general public.

**RESPONSE:** Pursuant to the above-stated Objection, no responsive records are provided to the Plaintiff. Defendants will provide a copy of the policy under seal to the Court for *in camera* review should the Court so direct.

<u>**REQUEST NO. 16.**</u> Employee Training Manual – VADOC Corrections Officers.

**OBJECTION:** The Request is overly broad and unduly vague. There is no singular employee training manual used within VDOC, and the scope of VDOC employee training materials exceeds the relevant issues in this case. Defendants further object to the Request as seeking security sensitive information, as VDOC training materials are not made available to incarcerated inmates or the general public.

**RESPONSE:** Pursuant to the above-stated Objection, no responsive records are provided to the Plaintiff.

**REQUEST NO. 17.** All documents pertaining to how VADOC corrections staff should handle mental health patients and when placing them on suicide watch or strip cell.

**OBJECTION:** The Request is overly broad and unduly vague, as it does not provide any specificity as to the records sought.

**RESPONSE:** Subject and without waiving the above-stated Objection, see Response to Request No. 14.

**REQUEST NO. 18.** Phone records – all #55 PREA complaints by Me'Shaun Crocker using the Global Tel Link phone system.

**RESPONSE:** Responsive recordings will be made available for the Plaintiff's review.

Respectfully submitted,

J. HALL, J. JONES, J. FLEMING, J. MAYS, AND R. POTTER

By: _____/s/ Timothy E. Davis_____
Timothy E. Davis, VSB #87448
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
(804) 225-4226
(804) 786-4239 (Fax)
Email: tdavis@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of December, 2025, I mailed the foregoing, postage prepaid, to the following:

VDOC Centralized Mail Distribution Center
Me'Shaun Crocker, #1441347
3521 Woods Way
State Farm, VA 23160

                                                    /s/ Timothy E. Davis
                                               Timothy E. Davis, VSB #87448
                                               Assistant Attorney General